ESTHER SANDLER, appellee, v. JAY C. SANDLER, appellant.

No. 51790.

(Reported in 137 N.W.2d 591)

OCTOBER 19, 1965.

Gerald Levy, of Des Moines, for appellant.

Sol Glick, of Des Moines, for appellee.

SNELL, J.—This is an appeal following an application and hearing to modify the provisions for child support contained in a divorce decree. The trial court increased the child support payments to be made by defendant-father. Defendant-father appealed.

Plaintiff and defendant are the parents of six minor children living with plaintiff.

Plaintiff and defendant were divorced in August 1963. In the original divorce decree plaintiff was given ownership of some encumbered real and personal properties and the children were to be the beneficiaries of some insurance policies. These matters are not in issue in the present controversy.

The only issue before us now is the change in circumstances relating to the amount of the monthly child support payments.

In the original hearing defendant testified that for previous years his income had averaged between $5500 and $6500 per year. There was neither disclosure nor estimate as to what his income would be for the current or future years.

Plaintiff was given custody of the children.

On the basis of the evidence produced as to past income defendant was ordered to pay $40 per month for each of his six children, a total of $240 per month.

At the trial of plaintiff's application for modification de-

fendant admitted that $240 a month is inadequate to properly support his six children. He also admitted that for the year ending December 31, 1963, a year not involved in the original hearing, his gross income was $16,050.41.

During the first eight months of 1964 his gross income was $10,048.15. He estimated that his total income for 1964 would be somewhat less than in 1963.

Defendant is a traveling salesman. He owns and drives a 1964 Newport Chrysler automobile. His traveling expenses are substantial. His expenditures for entertainment and liquor are also substantial. He lives well.

It appears that his current income is more than it was, by his own original testimony, at the time of the original decree. To that extent there is a change in circumstances.

It is too well settled to require extensive citation of authority that modification of a divorce decree must be based on a change of circumstances. Huston v. Huston, 255 Iowa 543, 555, 122 N.W.2d 892.

In the case before us the custody and support provisions of the original decree are final as to the issues then before the court but they are "not res adjudicata except as to the facts and conditions before the court at the time of the decree, even as between the parties." Barnett v. Blakley, 202 Iowa 1, 6, 209 N.W. 412.

The original order for child support was based on defendant's own testimony. His current income is more than was then disclosed. He admits the former allowance is inadequate for his children's support. He is in no position to urge, against a modification, his own misleading of the court in the first instance. To recognize such a defense as sound would open the door to fraud on the court.

The trial court increased the support allowance to be paid by defendant by $7.00 per month for each of the six children ranging in age from 4 to 15 years. This increased the total child support from $240 to $282 per month.

Our first and governing consideration is the best interest of the children. Citations unnecessary. See rule 344(f)15, Rules of Civil Procedure.

■ The case is before us for hearing de novo. We are not bound by but give weight to the findings of the trial court. See rule 344(f)7.

■ The trial court was right. Plaintiff asked the trial court and asks us to increase the award beyond the decree below. Plaintiff did not appeal and the issue of a greater increase is not before us.

■ Defendant counterclaimed for attorney fees. This claim was ignored below and is not before us now.

The case is—Affirmed.

All JUSTICES concur.