ALICE HOLLAND, appellee, v. PARVIN HOLLAND, appellant.

No. 52385.

(Reported in 149 N.W.2d 124)

Joseph L. Phelan, of Fort Madison, for appellant.

Napier & Napier, of Fort Madison, for appellee.

MOORE, J.—On November 12, 1957, plaintiff obtained a decree of divorce from defendant and was awarded custody of their six minor children. Defendant was ordered to pay child support of $200 per month "until each and every one of the minor children of the plaintiff and defendant have either attained their majority, married, or become self-supporting." The decree was marked "Examined and Approved: (s) Parvin Holland".

On January 26, 1966, defendant filed his application for modification of the award of child support and prayed the amount be reduced to $100. He alleged a material change of circumstances. Following a hearing, at which defendant was the only witness, the trial court denied his application. Defendant has appealed. Our review is de novo. Rule 334, Rules of Civil Procedure.

Code section 598.14 provides:

"Alimony—custody of children—changes. When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right.

"Subsequent changes may be made by it in these respects when circumstances render them expedient."

The principles of law here applicable are not disputed. The provisions for support payments in a divorce decree are final as to the circumstances then existing. To justify modification of a child support provision some material change must be shown in the circumstances of the parties, financially or otherwise, making it equitable that other or different terms be imposed. Kinney v.

Kinney, 150 Iowa 225, 228, 129 N.W. 826, 827; Keyser v. Keyser, 193 Iowa 16, 18, 186 N.W. 438; Pearson v. Pearson, 247 Iowa 437, 441, 74 N.W.2d 224, 226; Holesinger v. Holesinger, 252 Iowa 374, 377, 107 N.W.2d 247, 249; Jensen v. Jensen, 253 Iowa 1013, 1015, 114 N.W.2d 920, 924; Welch v. Welch, 256 Iowa 1020, 1024, 129 N.W.2d 642, 644; 24 Am. Jur.2d, Divorce and Separation, sections 846, 847.

■ Not every change of circumstances is a sufficient basis for modification. The changed circumstances must be substantial and not within the knowledge or contemplation of the court when the original award was decreed. Newburn v. Newburn, 210 Iowa 639, 641, 642, 231 N.W. 389, 391; Jensen v. Jensen, supra, and citations; Smith v. Smith, 254 Iowa 1120, 1123, 120 N.W.2d 448, 450; Welch v. Welch, supra; Annotation, 89 A. L. R.2d 7, 21.

Where a change of financial condition of one or both of the parties is relied upon it must be substantial. Jensen v. Jensen, supra, 253 Iowa 1013, 1019, 114 N.W.2d 920, 921; Welch v. Welch, supra, 256 Iowa 1020, 1025, 129 N.W.2d 642, 644, and citations; 24 Am. Jur.2d, Divorce and Separation, section 847.

■ The burden rests on the applicant for modification to show such a change of circumstances by a preponderance of the evidence. Rule 344(f)(5), Rules of Civil Procedure; Pearson v. Pearson, supra, 247 Iowa 437, 441, 74 N.W.2d 224, 226, and citations; Jensen v. Jensen, supra, 253 Iowa 1013, 1018, 114 N.W.2d 920, 924; 27B C. J. S., Divorce, section 322(3)g.

■ The fact the parties made an agreement for support of children and the court approved it in the original decree does not affect the power to modify the decree. Kuyper v. Kuyper, 244 Iowa 1, 4, 5, 55 N.W.2d 485, 487; Pearson v. Pearson, supra, 247 Iowa 437, 443, 74 N.W.2d 224, 227, and citations; 27B C. J. S., Divorce, section 322(1)b; 24 Am. Jur.2d, Divorce and Separation, section 825.

■ The record made by defendant is scant, indefinite and incomplete in several respects. At trial time the four older children of the parties were self-supporting. Michael, 14, and Paula, 13, were living with their mother and depended on defendant for financial support. Defendant's employment as a guard at Du-

Ponts remained unchanged. He testified he was earning in the neighborhood of $4600 per year at time of the divorce. His gross earning at the time of hearing of his application was $246.50 for every fifteen-day pay period. From this was deducted Federal and State income tax, F. I. C. A. and $6.51 for hospitalization insurance. His net take-home pay was $194.82. The record does not disclose his net take-home pay at the time of the decree. It appears defendant was earning approximately $1300 per year more than when the original decree was entered.

Defendant identified a list of his expenses but made no claim he had been unable to meet them. He was current with his child support payments. Included were mortgage payments of $35 on a house and $100 per month on an automobile. He was buying a 1964 Oldsmobile, fully equipped, including air conditioning.

Defendant stated: "I receive some assistance in making the house and car payments. In other words for all of my monthly expenses I receive some assistance in paying for them. I don't know in what amounts it would have to be substantial."

Defendant was working his regular 40-hour week but testified he was having some trouble with hardening of the arteries which resulted in medical expense of $25 per month. He had not been off work because of any illness. In such an event his pay would continue for 13 weeks. His employer also provided a retirement program and vacations with pay.

We think proper application of the foregoing principles of law to the facts presented justifies denial of defendant's application for modification of child support provisions of the decree.

It is reasonable to assume plaintiff accepted an inadequate sum for years in the belief it would average out as there were fewer children to be cared for. Such was clearly within the contemplation of the parties and the trial court when the original decree was entered.

Defendant failed to prove a sufficient change of circumstances to warrant a modification of the decree.

The trial court properly denied defendant's application to modify the child support requirements.—Affirmed.

All JUSTICES concur.