Esther SANDLER, Plaintiff-Appellant and Cross-Appellee,

v.

Jay C. SANDLER, Defendant-Appellee and Cross-Appellant.

No. 53444.

Supreme Court of Iowa.

March 11, 1969.

Leo Oxberger, Des Moines, for plaintiff-appellant and cross-appellee.

Gerald Levy, Des Moines, for defendant-appellee and cross-appellant.

MOORE, Justice.

On August 29, 1963 plaintiff, Esther Sandler, was granted a divorce from defendant, Jay C. Sandler. She was awarded custody of their six children and defendant was ordered to pay child support of $40 per month per child. He was also required to maintain Blue Cross and Blue Shield and three life insurance policies totaling $20,000 in favor of the children.

Plaintiff was awarded title to their home at 909 Polk Blvd., a duplex at 2507 School St., a house at 2604 E. Walnut St., a three-plex at 1171–73–75 Seventh St., and a house at 1110 Eighth St., all in Des Moines. She was also given a real estate contract and 600 shares of American Motor Stock. Some of this property was encumbered.

On April 10, 1964 plaintiff filed an application to modify the child support provision of the divorce decree and after hearing thereon the child support was ordered increased from $40 to $47 per month per child. In Sandler v. Sandler, 258 Iowa 84, 137 N.W.2d 591, October 19, 1965, we affirmed that order.

In 1967 plaintiff made another application to increase the child support requirement. On September 20, 1967 the trial court found there was not sufficient change of circumstances to merit a change and therefore denied the application to modify.

Six and a half months later plaintiff filed another application for an increase of child support. Following hearing the trial court on July 3, 1968 entered an order increasing the child support for Steven, then a college student, from $47 to $75 per month but refusing to increase the $47 being paid for each of the other five children. Plaintiff has appealed claiming additional increases should have been ordered. Defendant has cross-appealed raising an evidentiary question and asserting no material change of circumstances were shown. We affirm on both appeals.

I. Code section 598.14 provides: "When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right.

"Subsequent changes may be made by it in these respects when circumstances render them expedient."

■ The rules regarding changing child support provisions as authorized by section 598.14 are well established. The power of the court to modify exists only when there has been a material and substantial change in circumstances since the date of the original decree, or of any subsequent intervening proceeding which considered the situation and the rights of the parties upon an application for the same relief. Shepard v. Gerholdt, 244 Iowa 1343, 1346, 60 N.W.2d 547, 549; Brott v. Brott, 257 Iowa 377, 380, 131 N.W.2d 829, 831.

■ To justify modification of a child support provision some material change must be shown in the circumstances of the parties, financially or otherwise, making it equitable that other or different terms be imposed. Of course not every change of circumstances is sufficient for modification of child support provisions. A decree will not be modified unless its enforcement will be attended by positive wrong or injustice as a result of the changed conditions. Modification should be based upon a change of circumstances more or less permanent or continuous, not

temporary. Where a change of financial condition of one or both of the parties is relied upon it must be substantial. Welch v. Welch, 256 Iowa 1020, 1024, 1025, 129 N.W.2d 642, 644, states and cites authorities for each of the above propositions. They are restated in Simpkins v. Simpkins, 258 Iowa 87, 90, 137 N.W.2d 621, 623; Holland v. Holland, 260 Iowa 248, 149 N.W. 2d 124, 125 and citations.

Being in equity we review this case de novo. Rule 334, Rules of Civil Procedure. It must be decided in accordance with its own peculiar facts. We are not bound by but give weight to the findings of the trial court. Rule 344(f) 7.

On plaintiff's application defendant was required to produce copies of his 1964, 1965, 1966 and 1967 federal income tax returns. They were not offered in evidence but the material parts of each were shown to the court by a stipulation entered into by the parties. We have carefully studied and compared them as to gross and net income and agree with the trial court's finding defendant's net income of $7,515.92 was a net increase for his own use of $825 over such net at the time of the prior modification. His 1967 income included capital gains of $3,370.20 from dealings on the stock market. He may or may not do so well in future years. In other words that increase may not be permanent or continuous.

Plaintiff testified in detail regarding income from her employment, part time employment of two children and from the real property owned by her. Encumbrances thereon were being reduced each year. Expenses for the children had increased. The oldest son, Steven, was enrolled in college. Another expected to also enroll for the upcoming year. Plaintiff had an automobile which she had not previously owned. The oldest son had an automobile. The oldest daughter was going to Europe for summer study at a cost of about $1300.

■ The trial court found the increase of defendant's net income and Steven's college expenses created a material change of circumstances and ordered an increase from $47 to $75 per month for Steven and denied plaintiff's request for an increase of child support for the other children. Our review of the record, much of which we have not set out, leads us to the same conclusion.

II. On his cross-appeal defendant first asserts "The Court erred in ordering the defendant to deliver copies of his income tax returns in as much as this is allowing the plaintiff to use the Courts to determine evidence where she had failed to show a reason to believe that this would bring forth evidence which would tend to show a material change in the circumstances of the defendant."

■ He argues an application for production of books and papers must be limited to documents that are material to determine the issues before the court and it cannot be used for a fishing excursion. With this general statement we agree but are unable to understand how it helps defendant here.

Rule 130, R.C.P. provides: "The court may order the production or inspection of such books and documents as, in its discretion, it deems material to a just determination of the cause, and on any terms or conditions it deems suitable to protect the documents, their owner, or any other person."

■ Plaintiff sought an increase in child support payments on the basis of a material increase of defendant's income. His income tax returns contained detailed evidence of the amount and source thereof. The trial court did not abuse his discretion in ordering their production.

That the trial court has discretion to order production of tax returns under rule 130 see Kaltenheuser v. Sesker, 255 Iowa 110, 115, 121 N.W.2d 672, 675.

Our conclusion is well supported by the authorities cited in an article entitled "Moving for the Production of Income

Tax Return Copies in Civil Litigation", 41 Iowa L.Rev. 98.

III. Defendant next argues plaintiff failed to show a material change or circumstances. What we have said in Division I is determinative of this contention. We are not impressed with his argument that such an increase in his income was within the contemplation of the trial court when the prior modification was ordered. Of course if such a change was in the knowledge or contemplation of the parties or trial court at the time of the previous order then it could not be the basis of the later modification. Jensen v. Jensen, 253 Iowa 1013, 1015, 114 N.W.2d 920, 921, and citations.

IV. Defendant claims the trial court failed to take into consideration his needs as well as those of the children. The court must be mindful not only of the children's needs, but of the father, who should not be burdened to the extent that all incentive is destroyed, and some balance must be found between the needs of the children and the father's ability to pay. White v. White, 251 Iowa 440, 442, 443, 101 N.W.2d 18, 20; Blaney v. Blaney, 256 Iowa 1151, 1153, 1154, 130 N.W.2d 732, 733; Jeffries v. Jeffries, 258 Iowa 623, 627, 138 N.W.2d 882, 885. We find no merit in this contention.

V. A college education is valuable and desirable for every child. It is the duty and responsibility of both parents to furnish financial assistance for higher education in such an amount as their financial condition will permit. Gerk v. Gerk, 259 Iowa 293, 300, 144 N.W.2d 104, 109; Beasley v. Beasley, Iowa, 159 N.W.2d 449, 452.

We find the supplemental decree of the district court to be in accord with the facts and the applicable law. It is ordered the costs of this appeal be taxed equally against the parties.

Affirmed on both appeals.

All Justices concur.