**Dorothy J. McDONALD, Appellant,**

v.

**Wilfred E. McDONALD, Appellee.**

No. 54252.

Supreme Court of Iowa.

Jan. 19, 1971.

Simon W. Rasche, Jr., Clinton, for appellant.

David O. Shaff, Clinton, for appellee.

LARSON, Justice.

Pursuant to an application by defendant husband for modification of a divorce decree fixing child support, the trial court on October 10, 1969, entered a decree which provided that defendant was to receive credit upon his support obligation under a previous decree to the extent of fifty per cent of the plaintiff's take-home pay, which was determined to be $48.00 weekly. Plaintiff appeals, and we further modify the child support provisions of the decree.

From the record it appears the plaintiff, Dorothy McDonald, obtained a decree of divorce from the defendant, Wilfred McDonald, on December 9, 1966. The decree awarded plaintiff the custody of the minor children, Kay Lynn, aged 12 years, Mary Jo, aged 10 years, and Timothy Wilfred, aged 7 years, provided visitation rights, and directed that defendant pay to plaintiff for the support of the children the sum of $28.00 per week per child until each one reaches the age of 18 years, becomes married, or finishes high school. It also provided property distribution between the parties and took note of plaintiff's unemployment potential.

On May 10, 1967, a hearing was had on defendant's application for modification of support provisions due to an alleged change of circumstances, which resulted in a modification decree of June 5, 1967. From this modification, based upon a material reduction of defendant's earnings, no appeal was taken. In this decree the court ordered the defendant, commencing with the first day of June, 1967, to pay monthly as child support, in lieu of the sums allowed in the original decree, one half of defendant's pay after deductions for withholding income taxes, both federal and state, and social security taxes, and provided for the reduction of these payments by 25 per cent when each child arrives at the termination period of support set forth in the original decree. It specifically provided that if defendant obtains other net income, as defined by the Internal Revenue Act on Form 1040 or Schedule C, one half of this amount, less income or other taxes due thereon, shall also be paid to plaintiff as child support. In its ruling the court took notice of the fact that "Plaintiff does not work, but has sought employment at least once when Defendant was delinquent in his payments", and stated, "Evidently she has high blood pressure, but also feels that her place is in the home with the children."

On July 17, 1969, defendant again filed an application for modification based upon a further change of circumstances. Among other things, he alleged that at the time of the June 5, 1967, modification his earnings were $9,000 per year, that presently they are $9,600 per year, that he suffers a financial detriment due to other aspects of his employment, and that "other income" provisions of that decree should therefore be eliminated. These aspects he listed as loss of mileage expenses, a deletion of his life insurance benefits, which were a part of his employment compensation, loss of travel and luncheon expenses, and a change of the employment contract now permitting outside employment which will be subject to the fifty per cent support payment without considering the additional expense incurred in earning those sums. He further alleged his financial condition has caused him to sell personal property and incur bills which are in the amount of $750 excluding overdue attorneys fees.

However, the principal basis for this modification appears to be predicated upon plaintiff's outside employment which had been secured subsequent to the 1967 modification. This change of circumstances, he maintained, was substantial and enhanced

her ability to aid in the support of the children and which he anticipated amounted to more than $300 per month. Plaintiff's answer admitted her employment and she testified that due to increasing expenses to provide for the children and herself she was forced to supplement defendant's support payments. She denied it was a sufficient change of circumstances not within the knowledge or contemplation of the court when the 1967 modification was granted.

In its opinion filed October 3, 1969, the trial court reviewed the prior proceedings in this matter and found no merit in defendant's application except as to the allegation that plaintiff was gainfully employed. It held such employment and income was not contemplated in the prior decrees, which were predicated upon the idea that she would not be able to contribute any financial support for the family. It found her take-home pay from employment was between $47.00 and $49.00 per week, but did not feel the formula worked out for defendant's support payments should be disturbed. It decided defendant should have credit upon his payments for fifty per cent of her net weekly income of approximately $48.00, or $24.00. The modification decree filed October 10, 1969, so provided. Defendant did not appeal from this decision.

In her statement of propositions relied upon for reversal plaintiff contends: (1) No material change of circumstances which would not have been contemplated by the former decrees was established. (2) The fact that plaintiff secured part-time employment to supplement the growing insufficiencies of the support payments is not a material change of circumstances which justifies modification. (3) The decree as modified is not capable of definition and is fatally vague and indefinite. (4) The court's order granting defendant a setoff of fifty per cent of the plaintiff's earnings as a part-time employee is unjust, excessive, and without foundation in the record.

I. Section 598.14, of the 1966 Code, provides that when a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties, as shall be right. Subsequent changes may be made by it in these respects when circumstances render them expedient.

■ The rules regarding changing child support provisions as authorized by section 598.14 are well established. The power of the court to modify exists only when there has been a material and substantial change in circumstances since the date of the original decree, or of any subsequent intervening proceeding which considered the situation and the rights of the parties upon an application for the same relief. Sandler v. Sandler, 165 N.W.2d 799, 800 (Iowa 1969); Shepard v. Gerholdt, 244 Iowa 1343, 1346, 60 N.W.2d 547, 549; Brott v. Brott, 257 Iowa 377, 380, 131 N.W.2d 829, 831.

■ To justify modification of a child support provision some material change must be shown in the circumstances of the parties, financially or otherwise, making it equitable that other or different terms be imposed. Of course, not every change of circumstances is sufficient for modification of child support provisions. A decree will not be modified unless its enforcement will be attended by positive wrong or injustice as a result of the changed conditions. Modification should be based upon a change of circumstances more or less permanent or continuous, not temporary, and where a change of the financial condition of one or both of the parties is relied upon, it must be substantial. Sandler v. Sandler, supra, and Welch v. Welch, 256 Iowa 1020, 1024, 1025, 129 N.W.2d 642, 644, state and cite authorities for each of the above propositions. They are restated in Simpkins v. Simpkins, 258 Iowa 87, 90, 137 N.W.2d 621, 623, and Holland v. Holland, 260 Iowa 248, 249, 250, 149 N.W.2d 124, 125, and citations.

II. Being in equity, our review is de novo. Rule 344, Rules of Civil Procedure.

Each case, therefore, must be decided in accordance with its own peculiar facts. We are not bound by but give weight to the findings of the trial court. Rule 344(f) (7).

■ We are satisfied, as was the trial court, that under the facts of this case the mother's securement of employment for the first time was a material change of circumstances sufficient to justify a modification of the support provisions of the previous decree, but we do not agree with the manner of modification.

We are inclined to believe, under the circumstances revealed herein, it is in the best interests of equity that the father pay a fixed weekly amount per child and that the mother supplement that amount by her own income to meet the increasing obligation of the parents to properly support the children.

■ III. In this state, of course, both parents are liable for the support of their children, not necessarily in equal shares but proportionately according to their ability to pay. Addy v. Addy, 240 Iowa 255, 36 N.W.2d 352 (1949); Stillmunkes v. Stillmunkes, 245 Iowa 1082, 1089, 65 N.W.2d 366, 370 (1954).

The exact manner of apportioning that liability has greatly troubled the courts and several methods and formulas have been applied to meet the differing needs of all parties concerned. See annotation at 89 A.L.R.2d 7.

In this case the modified decree provided a sliding scale based on the parents' income alone. We feel this was unsatisfactory since such an order was based on the assumption that a change in only that factor will measure their obligations, whereas we believe there are many factors which properly determine the amount necessary and proper to meet the needs of these growing children. Stillmunkes v. Stillmunkes, supra.

Within the parents' ability to meet them these needs are the obligations of both parents. Addy v. Addy, supra. Under the revealed circumstances we feel they are better met by awarding a definite sum and the avoidance of a complicated computation which invites rather than avoids disputes. A definite award also will provide the children with a secure and predictable income, which when necessary may be supplemented by earnings of the other parent. We believe that need here was evident due to the increased school expenses, medical expenses, etc. of these growing youths. This is not the case of a division of a surplus of earnings over and above the needs of the children.

Although problems of this nature are always difficult to solve, we are convinced under this record the defendant's support payments should be fixed at $25.00 per week per child during the period prescribed for their support and that the plaintiff retain her earnings for use as supplemental support for them. Of course, further modification is available upon a change of circumstances hereafter such as a substantial increase or diminution in the earnings of either party.

IV. Finally, we note that the result of the obligation we hereby impose will be to require the father to pay approximately $3,900 per year in child support rather than about $4,800, and recognize an increase of available funds for family maintenance due to plaintiff's earnings of $2,400. When combined, this will provide the plaintiff with approximately the same amount per year with which to maintain herself and three children as the defendant will have to maintain himself.

Costs in this court are to be divided equally.

Modified and affirmed.

All Justices concur.