Carla MEARS, Appellant,

v.

Robert C. MEARS, Appellee.

No. 55196.

Supreme Court of Iowa.

Dec. 19, 1973.

Robert W. Brennan, Des Moines, for appellant.

Nicholas V. Critelli, Jr., Des Moines, for appellee.

MASON, Justice.

Defendant-Robert and plaintiff-Carla Mears were divorced July 28, 1965. The divorce decree was modified July 8, 1968, reducing the child support payments payable to plaintiff. May 24, 1971, plaintiff filed an application asking that those payments be increased. She now appeals from the court's order dismissing her application.

The original decree awarded custody of the two minor children of the parties, Robert Brett Mears, born in July 1959, and Kenton Bradley Mears, born in October 1960, to plaintiff and required defendant to pay $100 per week for the first 26 weeks after the court entered its decree; thereafter, defendant was required to pay $62.50 per week toward the support and maintenance of both children until the children attained the age of 21 years, married or became self-supporting. At the time of the divorce plaintiff was employed and self-supporting. The record indicates she was 27 years of age at that time.

July 8, 1968, modification of the decree was ordered by the court and the support payments were reduced to $25 per week for the two minor children. It was further provided that defendant should have the right to have the children with him during the summer months of each and every year commencing with the first week after the end of the regular school term and until the 15th day of August of said year. Defendant was to pay the transportation costs for the children to and from his place of residence during the vacation periods. No child support payments were required of defendant while the children were with him.

Plaintiff remarried in November 1969; she is now a housewife with no personal earnings. Defendant also remarried and lives with his wife and her five children by a previous marriage in Calmar, Iowa. He is a school teacher and coach and had been offered a contract for the 1971–72 school year at a salary of $12,450.00. His wife is a secretary and had income of $4500.00 a year. She also receives $200 per month support for the five children from their father.

May 24, 1971, plaintiff applied for a modification of the court's order of July 8, 1968, seeking support payments "in a sum not less than the $100 per week support as ordered by the original decree dated July 28, 1965" alleging there had been certain material changes in the circumstances of the parties in that both parties had remarried, plaintiff had sustained loss of personal income following her remarriage, the

children have grown older and have additional needs and defendant's income has increased.

Following a hearing the trial court denied plaintiff any recovery of increased support payments. In doing so the court found (1) that the remarriage of both parties, the additional needs of the children, the increase in defendant's income, and plaintiff's loss of income "were within the knowledge and contemplation of the Court when the modified order was entered, as they are all natural occurrences and as such could be forseen by the Court"; and (2) that plaintiff's present husband, as the stepfather of the children, stood *in loco parentis* to them and was obligated to provide for their needs as long as they are in his home should defendant's contribution be insufficient.

I. Section 598.14 of the Iowa divorce statutes in effect at the time material herein provided:

"Alimony—custody of children—changes When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right.

"Subsequent changes may be made by it in these respects when circumstances render them expedient."

The above section was repealed by the Second Session of the Sixty-third General Assembly, chapter 1266 and a dissolution of marriage procedure which became effective July 1, 1970, was enacted in lieu thereof. The only significant change made by the revision is substitution of the word "justified" in the dissolution procedure for the word "right" in the divorce statute. In re Marriage of Williams, 199 N.W.2d 339, 341 (Iowa 1972).

The question of the custody of Brett and Kenton is not involved in the case before us. Modification is sought only in respect to the amount of support required of defendant for these children.

The power of the court to modify child support exists only when there has been material and substantial change in circumstances since the date of the original decree, or of any subsequent intervening proceeding which considered the situation and the rights of the parties upon application for the same relief. Sandler v. Sandler, 165 N.W.2d 799, 800 (Iowa 1969); McDonald v. McDonald, 183 N.W.2d 186, 188 (Iowa 1971); Dworak v. Dworak, 195 N.W.2d 740, 742 (Iowa 1972) and cases cited in these opinions.

Not every change of circumstances is sufficient for modification of support provisions.

In Jensen v. Jensen, 253 Iowa 1013, 1018–1019, 114 N.W.2d 920, 923–924, which involved a petition seeking modification of the award of child support originally ordered, the court said:

"The construction given this statute [598.14] in Keyser v. Keyser, supra, 193 Iowa 16, 17, 186 N.W. 438, has been followed continuously by this court. As to the circumstances justifying change, we said: 'While the statute contemplates that changes may be made in an award * * * after a final decree has been entered, it is only when there has been a substantial change in the conditions of the parties that a modification should be made. An award * * * entered in a final decree is not to be regarded as a variable sum, to be adjusted either upward or downward with each fluctuating change in the conditions of the respective parties. Such a decree is entered at the time, with a view to reasonable and ordinary changes that may be likely to occur in the relations of the parties. At the time such an award is made in a final decree, the court should take into consideration all of the facts and circumstances surrounding the parties at the time, and also the reasonable prospects regarding their future condition, and make such an award as will fairly and reasonably be right and proper, under all of the circumstances. When this is done, such

decree is conclusive, and should not be disturbed, unless it is made to appear that the enforcement of the decree will be attended by positive wrong or injustice under changed conditions.' "

■ In other words, "the provisions for support payments in a divorce decree are final as to circumstances then existing." Holland v. Holland, 260 Iowa 248, 249, 149 N.W.2d 124, 125. See also Pucci v. Pucci, 259 Iowa 427, 432, 143 N.W.2d 353, 357; Simpkins v. Simpkins, 258 Iowa 87, 90, 137 N.W.2d 621, 622–623; and Pearson v. Pearson, 247 Iowa 437, 441, 74 N.W.2d 224, 226. It follows that a divorce or dissolution of marriage decree will not be modified as regards child support provisions unless it is proven by a preponderance of the evidence its enforcement will be attended by positive wrong or injustice as a result of material and substantial changes in the circumstances since the date of the original decree or of any subsequent intervening proceedings which considered modification of the child support provisions of the original decree. Spaulding v. Spaulding, 204 N.W.2d 634, 635 (Iowa 1973) and authorities cited.

■ The changed circumstances relied upon must be material and substantial, not trivial, more or less permanent or continuous, not temporary, and must be such as were not within the knowledge or contemplation of the court when the decree was entered. Sandler v. Sandler, 258 Iowa 84, 86, 137 N.W.2d 591, 592; Simpkins v. Simpkins, 258 Iowa at 90, 137 N.W.2d at 623; Pucci v. Pucci, 259 Iowa at 433, 143 N.W.2d at 357; Holland v. Holland, 260 Iowa at 250, 149 N.W.2d at 125, all involved application to change only provisions regarding child support.

■ The cited cases have placed emphasis on "what the decretal court actually knew, not on what the parties knew, or should have known or should have produced at the earlier trial." Warren v. Warren, 191 N.W.2d 659, 661 (Iowa 1971).

Stated otherwise, if the parties knew of some fact at time of original decree or at time of a subsequent intervening proceeding which considered modification of child support provisions of such decree but the decretal court did not know of such fact, and this fact is being now advanced as a basis for modification, then that fact, if sufficient to cause a subsequent material change in circumstances, would be grounds for a modification.

■ Burden rests on petitioner for modification of child support provisions of a divorce or dissolution of marriage decree to establish a change of circumstances by a preponderance of the evidence. Dworak v. Dworak, 195 N.W.2d at 742.

■ Where a change of financial condition of one or both parties is relied upon as a basis for modification of child support provisions of divorce or dissolution of marriage decree it must be substantial. Holland v. Holland, supra.

The trial court recognized the foregoing principles of law in its decree. As a matter of fact, plaintiff repeats and cites the foregoing cases announcing these principles in arguing the issues presented for review, but contends the trial court's findings are not supported by the record.

She maintains the court erred in finding: (1) the trial court at the 1968 modification of divorce decree hearing contemplated the remarriage of both parties as well as plaintiff's loss of income and defendant's increase in income; (2) the trial court at the 1968 modification hearing contemplated the amount of support awarded as being a lasting award regardless of the increased costs of raising children as they grow older; and (3) plaintiff's present husband stands in "loco parentis" and as such is bound to support them as long as they are in his home if defendant's contribution is not sufficient.

In this equitable proceeding our review is de novo. Rule 334, Rules of Civil Procedure. The court gives weight to the fact

findings of the trial court; but is not bound by them. Rule 344(f)(7), R.C.P.

■ II. We consider first plaintiff's contention her remarriage in November 1969 followed by loss of personal income due to her assuming the full-time duties of a housewife was such change of circumstances as would justify modification of the child support provision of the 1968 order since her remarriage was not within the knowledge and contemplation of the court when the modified order was entered.

Plaintiff contends the question of whether a court contemplated the changed circumstances relied on for modification is best seen by the wording of the divorce decree itself. She points out that neither in the original decree nor in the 1968 modification order was there any mention of remarriage on the part of the plaintiff as a condition of termination of child support; thus, the orders of the two previous hearings failed to disclose any knowledge or contemplation on behalf of the court that plaintiff would remarry.

Plaintiff argues that although the record is silent as to the court's reasoning in its 1968 modification of divorce decree where it decreased the child support from $62.50 per week for both children to $12.50 per week per child, it would appear reasonable plaintiff's employment when coupled with defendant's diminished income was a primary consideration of the court. The record does not disclose plaintiff's earnings.

In this connection the record discloses Mears grossed $25,000 with a net income of $20,000 the year of the divorce. At the time of the modification in 1968 his income had dropped to "about $9000."

At the time of the modification hearing in 1968 plaintiff was approximately 30 years of age. It is a fair inference to be drawn from the reading of the record that she is an attractive, well-dressed woman. Remarriage appears to be a common occur-rence in the present day. We are not prepared to say anticipation or expectation of such remarriage was beyond contemplation of the court when entering the modification order. See Annot., 18 A.L.R.2d 10, 21. Therefore, plaintiff's remarriage followed by her loss of personal income was not a material and substantial change in circumstances of the parties sufficient to justify modification of the 1968 order.

■ III. Plaintiff alleges that the additional needs of the children as they grow older is such change in the circumstances of the parties as would justify modification of the 1968 order.

As stated, the trial court in denying plaintiff's petition for increase in child support payments required of defendant found that what plaintiff contends were additional needs of the boys as they grow older "were within the knowledge and contemplation of the court when the modified order was entered, as they are all natural occurrences and as such could be foreseen by the court." Plaintiff challenges this finding under her second brief point in written argument.

In the present hearing plaintiff expressed the view that "as boys grow older they get rougher and tougher and go through clothes awfully fast."

Plaintiff's observation hardly admits of argument. It is such an ordinary and reasonable change in circumstances that we are convinced the trial court in the 1968 modification hearing anticipated and took into consideration that the boys would grow older, get rougher and be tougher on clothes in fixing support payments.

Plaintiff offered no evidence justifying modification on the basis of increased costs of the clothing needs of the boys.

Plaintiff relies principally on the orthodontia work she felt the boys needed in support of her contention. Shortly before the hearing on her present application for modification plaintiff had consulted an or-

thodontist in regard to the probable cost of such procedures. He gave her an estimate of $965 for Robert Brett Mears and $1000 for Kenton Bradley Mears.

In describing what plaintiff insists are additional needs of the boys she told of her unsuccessful attempt to have their father contribute to the expense for the two boys attending a summer camp at a cost of $320 per child. There was also the occasion when Brett wanted a mini bike to use in the riding area near plaintiff's present home. She had asked the father to pay $50 toward the $119 purchase price of this bike. He did not do so.

Since October 1969 the two boys had had dental work costing $196 which had been paid by plaintiff's present husband.

It must be conceded, however, plaintiff's expressed wish for orthodontia work for her sons, their attendance at a summer vacation camp and the acquisition of a mini bike were matters that would not be contemplated by the court at the time of the 1968 modification hearing and fulfillment of these wants would increase the cost of maintaining the two boys.

The issue is whether under the circumstances shown by this record defendant-father should be required to increase his child support payments in order to provide such wants.

The expense of the orthodontia work desired by the mother for the sons cannot reasonably be said to fall within the category of unusual or unanticipated medical expenses brought about by accident, poor health or mental deficiencies of a child requiring specialized training which this court has recognized as constituting a change in circumstances justifying modification. It is said such expenditures could not have been contemplated by the court at the time of its order fixing child support provisions.

It is our conclusion that the situation presents a case for the application of the rule stated in Spaulding v. Spaulding, 204 N.W.2d at 635 that a divorce or dissolution of marriage decree will not be modified as regards child support provisions unless it is proven by a preponderance of the evidence its enforcement will be attended by positive wrong or injustice as a result of material and substantial changes in the circumstances since the date of the 1968 modification order.

In light of the foregoing principle of law we are not persuaded under this record that the 1968 order should be modified by requiring defendant to pay the orthodontia expenses anticipated.

It is commendable that the mother wants certain advantages for her children which she deems desirable and possibly beneficial for them but this is not the problem before the court.

■ IV. The trial court based its dismissal of plaintiff's application at least in part on the theory plaintiff's present husband stood in "loco parentis" to the children and was bound to support them as long as they were in his home if defendant's contributions were insufficient. Plaintiff contends this was error.

This court recently stated the following description of one *in loco parentis*:

" 'The term "in loco parentis," according to its generally accepted common law meaning, refers to a person who has put himself in the situation of a lawful parent by assuming the obligations incident to the parental relation without going through the formalities necessary to legal adoption. It embodies the two ideas of assuming the parental status and discharging the parental duties.' " In re Marriage of Carney, 206 N.W.2d 107, 113 (Iowa 1973).

Undoubtedly the trial court in making such finding relied to some extent, at least, on the following statement in Simpkins v. Simpkins, 256 Iowa 989, 992, 129 N.W.2d

723, 725, since he was also the trial judge in the cited case:

"It might be pointed out that the children have acquired a stepfather who stands in loco parentis to them, and owes a duty of support so long as they are in his home."

The quoted statement is repeated in Beasley v. Beasley, 159 N.W.2d 449, 452 (Iowa 1968).

It is a fair inference to be drawn from the record that plaintiff's standard of living as well as that of the two sons is considerably higher than she previously enjoyed during her marriage to defendant and after the divorce.

Plaintiff's present husband is in the insurance business and has a monthly income of $1305.90. We are not told whether this is net or gross. In any event, plaintiff and her new husband belong to the De Moines Club and had just recently dropped their membership in the Wakonda Club. Apparently, their home is in one of the better residential districts of Des Moines. They consider an expenditure of $640 for the two boys to attend a summer camp is desirable for a family of their status.

The record justifies the inference that plaintiff's desire for at least some of the benefits she now seeks for the boys is due to the higher standard of living presently enjoyed by her and the boys.

Once again, the issue is whether defendant-father should be required to increase his child support payments in order to help meet the increased costs of maintaining his children in their new standard of living. We hold he should not be.

However, the trial court's findings as set forth at the commencement of this division are too broad as is the statement of law set out in *Simpkins* and repeated in *Beasley*.

Where a stepfather has taken into his home his wife's children by a former marriage which has ended in divorce or dissolution the question of his duty to support

his wife's children while in his home should be limited to the extent their being in his home may have increased the cost of their maintenance by reason of a higher living scale than that experienced during the marriage of their father and mother.

The authority of the court *under* either section 598.14, The Code, 1966, set out supra, or section 598.17, The Code, 1971, to make provisions for maintenance of minor children extends only to the natural or adoptive children of the parties and does not empower the court to order support for a stepchild. In re Marriage of Carney, 206 N.W.2d at 113. This is also true when the court is considering a petition for modification of child support provisions.

Nevertheless, the limited extent of a stepfather's duty to furnish support for his wife's children by a former marriage which has ended in divorce or dissolution, as stated, may be properly considered by the court in a hearing on a petition for modification for support provisions in determining whether the father is providing support for his children's needs in accordance with his ability to pay.

It is our opinion that the father is not now providing such support, a matter considered in the following division.

V. Plaintiff's contention that the increase in defendant's income justifies modification of the 1968 order has merit.

As pointed out, at the time of the divorce in 1965 defendant had a yearly income of $20,000. At the time of the 1968 modification hearing his income had dropped to around $9000. This increased to $9900 for 1969, to $10,500 in 1970 and to $12,450 for the 1971–72 school year.

The reduction in the child support payments required of defendant from $62.50 per week to $12.50 per child per week as ordered by the court in the 1968 modification hearing was justified in view of defendant's decrease in income. Now that

defendant's income has been increased by $3450, which is substantial, it is equitable that other or different terms be imposed.

This court has judicially noticed the diminished purchasing power of the dollar as well as the fact that the impact of inflation in the past ten years has disasterously eroded the dollar's actual value. Dworak v. Dworak, 195 N.W.2d at 742. Of course, this diminished purchasing power of the dollar works both ways. Although defendant's income has increased so has his cost of living.

Based upon the standard of living experienced by the children before their mother's remarriage and upon the consideration of defendant's increased ability to pay, it is our conclusion that the payments required of defendant toward support of the Mears' children should be increased to $20 per week per child to continue as provided in the 1968 order from which no appeal was taken.

The trial court erred in dismissing plaintiff's petition for modification.

VI. There was no appeal from the trial court's award of judgment against defendant in the sum of $95 representing the cost of transportation incurred by plaintiff in August 1969 or in its decree ordering compliance with the visitation privileges set forth in the 1968 order. Those provisions are to remain in full force and effect.

With directions to the trial court to enter a decree consistent with this opinion the case is therefore

Reversed and remanded with directions.

RAWLINGS, LeGRAND, REES, HARRIS and McCORMICK, JJ., concur.

MOORE, C. J., and REYNOLDSON and UHLENHOPP, JJ., concur specially.

MOORE, Chief Justice (concurring specially).

I concur in the result based on divisions V and VI of the opinion.

I believe the dictum: "[I]f the parties knew of some fact at time of original decree or at a subsequent intervening proceeding which considered modification of child support provisions of such decree but the decretal court did not know of such fact, and this fact is being now advanced as a basis for modification, then that fact, if sufficient to cause a subsequent material change in circumstances, would be grounds for a modification," indicates a right to litigate facts known to one or both parties at a prior hearing. Such a right does not exist.

"* * *. It has always been held that the original decree is conclusive upon the parties as to the then circumstances of the parties, and the power to grant a modification in the decree is not a power to grant a new trial, or to retry the same issues, but only to adapt the decree to the changed conditions of the parties." Newburn v. Newburn, 210 Iowa 639, 641, 231 N.W. 389, 390, 391 and citations.

UHLENHOPP and REYNOLDSON, JJ., join in this special concurrence.

REYNOLDSON, Justice (concurring specially).

I concur in divisions V and VI of majority's opinion, which decide this case. Of the remaining nine-tenths of the decision I am troubled by the dictum that,

"* * * we are convinced the trial court in the 1968 modification hearing anticipated and took into consideration that the boys would grow older, get rougher and be tougher on clothes in fixing support payments."

In its 1968 modification decree the district court wrote nothing which would indicate that when it ordered the *decrease* in child support to $12.50 per week it was anticipating a future *increase* in the expense of maintaining these boys. Nor has the majority pointed out what evidence its de novo review disclosed which "convinced" it the district court considered circumstances other than those then confronting it.

Of course, trial courts frequently provide for level support payments until the child reaches a stated age. But until now I did not suppose it followed the trial court was thereby specifically anticipating future economic conditions to the point a modification would not be considered even though the school, medical and other needs of the growing child significantly increased.

To the contrary, in modification proceedings we have consistently and recently "weighed the factors of increased school and medical expenses and needs of growing youths." Dworak v. Dworak, 195 N.W.2d 740, 742 (Iowa 1972); McDonald v. McDonald, 183 N.W.2d 186 (Iowa 1971); Hart v. Hart, 239 Iowa 142, 30 N.W.2d 748 (1948); see Annot., 89 A.L.R.2d 7, 67–69 at § 22 (1963, Later Case Service, 1968, Supp.1973).

A parent with custody who came into district court claiming that although $100 per month would satisfy the present needs of a young child the court should nonetheless fix the amount at $200 because as the child grew older its requirements would ultimately increase to that sum, would probably (and rightly) receive a cold reception. See Martin v. Martin, 225 Ark. 677, 284 S.W.2d 647 (1955); Watson v. Watson, 135 Colo. 296, 310 P.2d 554 (1957). Yet this is the rationale majority adopts in surmising the district court in 1968 necessarily "anticipated" (and fixed child support to satisfy) the enlarged needs of 1971 and later years.

It may be conceded the district court must have anticipated the boys would grow older. It is another thing to say (on the basis of sheer speculation) the court necessarily anticipated future economic conditions by fixing a present sum which would meet their increasing needs over the next ten years.

The majority may subscribe to the above-quoted statement fearing otherwise we would invite a proliferation of modification proceedings based solely on age changes in the benefited child. The an-swer is continued adherence to our long-standing rule recognizing the court's power to modify only when the applicant carries the burden of proving there has been a material and substantial change of circumstances to the point that enforcement of the decree or prior modification would be attended by positive wrong or injustice. McDonald v. McDonald, supra; Sandler v. Sandler, 165 N.W.2d 799 (Iowa 1969); Simpkins v. Simpkins, 258 Iowa 87, 137 N.W.2d 621 (1965); Welch v. Welch, 256 Iowa 1020, 129 N.W.2d 642 (1964).

The serious vice in the above-quoted dictum, if followed as a guide, would permit both district court and this court to assume a judge in fixing child support projected economic needs far into the future, in the absence of any factual basis or indication in the modification decree justifying such conclusion. Uncontrolled discretionary guesswork of this type should be neither sought nor condoned, and on appeal would leave us nothing to review.

MOORE, C. J., and UHLENHOPP, J., join in this special concurrence.