**In re the MARRIAGE OF Marietta Walker BOLICK and William Campbell Bolick.**

**Upon the Petition of Marietta Walker Bolick n/k/a Marietta Walker Poe, Petitioner–Appellee/Cross Appellant,**

**And Concerning William Campbell Bolick, Respondent–Appellant/Cross–Appellee.**

**No. 92–327.**

Court of Appeals of Iowa.

Feb. 23, 1993.

Nathan A. Callahan and James E. Walsh, Jr. of Clark, Butler, Walsh & McGivern, Waterloo, for appellant.

Jay A. Nardini of Ball, Kirk, Holm & Nardini, Waterloo, for appellee.

Heard by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

OXBERGER, Chief Judge.

The district court dissolved the marriage of William and Marietta Bolick on December 9, 1987. The parties have three children: Allison, born May 22, 1977; Elizabeth, born March 11, 1980; and William, Jr., born April 28, 1983. Marietta received primary physical care of the children. William agreed to pay child support of $400 per month per child. At the time of the dissolution William was a dentist practicing general dentistry in Waterloo. Marietta worked at home.

Marietta has remarried and William's alimony obligation of $1,300 per month ended. Her current husband earns approximately $94,000 annually. William has also remarried. His present wife works as a computer specialist in his dental practice. William expects to earn a gross annual income between $95,000 and $100,000.

After the dissolution, Allison lived with William and was enrolled in Catholic school. William paid the tuition for a year although Allison left to live with Marietta. The following year William and Marietta shared Allison's tuition until the second term. William refused continued tuition

support. Allison continued in the Catholic school. Marietta filed this action seeking an increase in child support.

Following a hearing, the district court concluded that the need to keep Allison in the private Catholic school is a material and substantial change in circumstances that justifies modifying the child support provisions of the original decree. The court determined Marietta's earning capacity to be $6.50 per hour. The court believed that William's net monthly income was $5250, and thus in the discretionary range under the child support guidelines. In applying the minimum percentage of .367 to William's income, the court set William's child support level at $1950 per month. William appeals; Marietta cross-appeals.

### Scope of Review.

 In this equity action, our review is de novo. Iowa R.App.P. 4.

### Discussion.

William contends the district court erred in finding a material and substantial change of circumstances sufficient to warrant a modification of the child support award.

 Modification of a dissolution decree is only allowed when there has been a material and substantial change in circumstances since the original decree. *Mears v. Mears*, 213 N.W.2d 511, 514–15 (Iowa 1973). "The trial court has reasonable discretion in determining whether modification is warranted and that discretion will not be disturbed on appeal unless there is a failure to do equity." *In re Marriage of Kern*, 408 N.W.2d 387, 389 (Iowa App.1987) (citing *In re Marriage of Vetternack*, 334 N.W.2d 761, 762 (Iowa 1983)).

The principles enumerated in *Vetternack* and applied in *Kern* are applicable here as well:

A number of principles emerge from our cases: (1) there must be a substantial and material change in the circumstances occurring after the entry of the decree; (2) not every change in circumstances is sufficient; (3) it must appear that continued enforcement of the original decree would, as a result of the changed conditions, result in positive wrong or injustice; (4) the change in circumstances must be permanent or continuous rather than temporary; (5) the change in financial conditions must be substantial; and (6) the change in circumstances must not have been within the contemplation of the trial court when the original decree was entered.

*Vetternack*, 334 N.W.2d at 762.

Iowa Code section 598.21(8) (1991) sets forth the required considerations when reviewing a petition for modification.

 We do not believe tuition payments for attendance at a private school constitute a material and substantial change in circumstances sufficient to warrant modification. In so holding, we are not commenting on the adequacy of the original support award.[1] We are simply unable to find, either in the private school tuition or any other circumstances presented, a material and substantial change which would justify modification of the support award. We reverse the trial court's award increasing the child support paid by William.

Each party is to pay his or her own attorney fees on appeal. Costs are taxed to Marietta.

**REVERSED.**

---

1. We are unable to apply Senate File 2316, which contains 1992 modifications to Iowa Code § 598.21(9) (1991) to this case because it was filed prior to the enacted legislation.