## IN THE COURT OF APPEALS OF IOWA

No. 18-0156
Filed October 24, 2018

IN RE THE MARRIAGE OF DEANNE E. HAYES
AND ERIC J. HAYES

Upon the Petition of
DEANNE E. HAYES,
        Petitioner-Appellee,

And Concerning
ERIC J. HAYES,
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Dubuque County, Monica L. Zrinyi

Wittig, Judge.


        An ex-husband appeals an order declining to modify his child and spousal

support payments.  **REVERSED AND REMANDED.**


        Jamie A. Splinter of Splinter Law Office, Dubuque, for appellant.

        Joey T. Hoover of Hoover Law Firm P.L.L.C., Epworth, for appellee.


        Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**TABOR, Judge.**

Eric Hayes appeals the denial of his request to modify his child and spousal payments. Eric contends circumstances have substantially changed since entry of the decree dissolving his twenty-five-year marriage to Deanne Hayes. He asserts changes in the parties' incomes—his decrease and her increase—warrant modification of his obligations. Eric argues any decrease in payments should be retroactive. He also asks for appellate attorney fees from Deanne.

Unlike the district court, we do not find Eric's job loss and resulting decrease in income was self-inflicted as Iowa case law applies the concept. Eric proved a substantial change in circumstances meriting modification. We remand to the district court for recalculation of Eric's child and spousal support obligations in line with the parties' new incomes.

## I.      Facts and Prior Proceedings

Eric and Deanne married in 1988 and divorced in 2013. They have eight children together; six were minors at the time of dissolution. The decree awarded Deanne physical care of the children. At the time of dissolution, the parties stipulated Eric's yearly income was $60,000 and Deanne's was $21,017. The stipulation set Eric's child support at $1542 with incremental steps down as the children reached adulthood. The decree awarded Deanne $400 a month in spousal support for sixty months.

Eric worked at John Deere until mid-April 2017, when the company fired him. Eric traced his job loss to health issues. In early March, Eric sought emergency-room treatment for high blood pressure. Medical personnel inserted "a couple stents" and prescribed him medication. While adjusting to the

medication, Eric missed work about once per week. Eric testified he tried to timely give his employer the necessary paperwork to support his medical leave, but explained "there was a mix-up at the doctor's office." Because Eric turned in the paperwork late, John Deere refused to accept it and fired him.

Eric exhausted his appeal options within John Deere and learned in June 2017 his termination was final. But as early as May 2017 Eric began looking for other employment. While scouting for jobs similar to his position with John Deere, Eric worked at a grocery store making twelve dollars per hour. Eric used his income from the grocery store and withdrawals from his 401K to fulfill his child support obligations.[1] In September 2017, Eric began working at FarmTek in a job much like his previous position with John Deere, but with significantly lower pay. His annual income from FarmTek was about $35,300.

Throughout the parties' marriage, Deanne spent most of her time as a stay-at-home mother. At the time of dissolution, she earned income from Dubuque Bank & Trust, as well as Pampered Chef. In 2016, the bank promoted Deanne and raised her pay. Deanne's end-of-year pay stub for 2016 showed her income was around $36,904—$15,887 more than her stipulated income in 2013.

Eric petitioned for modification in June 2016, alleging a substantial change in circumstances based on changes in the parties' incomes.

The district court denied Eric's modification, concluding "[n]othing has happened in the last few years since the entry of the decree that was not thought

---

[1] At the time of dissolution, Eric's employment with John Deere covered the children's health insurance. Since his termination in 2017, Deanne provided the children's health insurance, costing her $288 per month. Eric reimbursed her $220 per month for the cost.

of or contemplated by the [c]ourt." The district court reasoned Deanne had "realized small incremental increases in her income" since the dissolution and had "taken on the obligations of carrying insurance for the children." The court further found Eric "failed to meet his burden that there was a substantial change in circumstances" largely because "the loss of income and his position at John Deere was self-inflicted." The district court determined Deanne remains entitled to the compensation set at the time of the decree. Eric now appeals.

## II. Scope and Standards of Review

Because the district court tried the case in equity we review the modification order de novo. Iowa R. App. P. 6.907; *In re Marrige of Beecher*, 582 N.W.2d 510, 512 (Iowa 1998). "We examine the entire record and adjudicate anew rights on the issues properly presented." *Beecher*, 582 N.W.2d at 512–13. We give weight to the district court's findings of fact, especially when considering witness credibility, but do not consider them binding. *Id.* "Because interpretation of child support guidelines is a legal question, our review of such interpretation is for errors at law." *In re Marriage of McCurnin*, 681 N.W.2d 322, 327 (Iowa 2004).

## III. Analysis

When a substantial change in circumstances occurs, the district court may modify child or spousal support orders. Iowa Code § 598.21C(1) (2016). The party seeking modification—here, Eric—bears the burden of showing the change by a preponderance of the evidence. *See In re Marriage of Mihm*, 842 N.W.2d 378, 382 (Iowa 2014). Eric claims the district court should have found a substantial change in circumstances based on Deanne's increased income and his reduced income after losing his job at John Deere. He argues because his income

reduction was not self-inflicted, the court should calculate his support obligation based on his actual earnings instead of his earning capacity. Eric also argues any modification should be applied retroactively to the point of the substantial change in circumstances. We will address each claim in turn.

### A. Modification of Child Support

Iowa Code section 598.21C(1) lists several factors for courts to consider in determining whether to modify support, including "[c]hanges in the employment, earning capacity, income, or resources of a party." The change in circumstances "must be material and substantial, not trivial, more or less permanent or continuous, not temporary, and must be such as were not within the knowledge or contemplation of the court when the decree was entered." *Mears v. Mears*, 213 N.W.2d 511, 515 (Iowa 1973) (citing *Sandler v. Sandler*, 137 N.W.2d 591, 592 (Iowa 1965)). Although, typically, a substantial decrease in "earning power for a sustained period of time" warrants modification, this principle does not apply to self-inflicted or voluntary reductions in earnings. *State ex rel. LeClere v. Jennings*, 523 N.W.2d 306, 308 (Iowa Ct. App. 1994) (citing *In re Marriage of Powell*, 474 N.W.2d 531, 534 (Iowa 1991)).

In rejecting Eric's modification petition, the district court determined the shift in the parties' financial conditions was contemplated at the time of the divorce. The district court explained it not only considered the circumstances known about the parties at the time of the decree, but also contemplated reasonable and ordinary changes in circumstances for the parties in the future. *See Mears*, 213 N.W.2d at 514. These forward-looking considerations follow the notion such a decree is final and conclusive, so a modification requires "injustice under changed conditions."

*Id.* at 514–15. The district court dismissed Deanne's raises as "small incremental increases in her income" and noted she started providing insurance for the children. The district court characterized Eric's loss of his income as "self-inflicted."

To adjudicate Eric's rights anew, we revisit the parties' financial conditions at the time of the decree and their financial situations when the district court considered modification. At the time of dissolution, the parties stipulated Eric's income was $60,000 and Deanne's income was $21,017. About three years later, Eric's income dipped to $56,000 and Deanne's income rose to $36,904. Since then, Eric was terminated from John Deere and hired at FarmTek and reports his income to be about $35,300.

Before addressing whether Eric's job loss was self-inflicted, we examine whether these income changes were substantial and not contemplated by the court at the time of the decree. While some fluctuation in income may be a reasonable and ordinary change in circumstance, the steady increase in Deanne's income and sudden decrease in Eric's pay qualify as substantial changes not within the contemplation of the court at the time of the decree.[2]

For Eric's income and earning capacity reduction to constitute grounds for modification, it must not be self-inflicted. *See In re Marriage of Ober*, 538 N.W.2d 310, 313 (Iowa Ct. App. 1995). It would be inequitable to reward parents "who reduce their income through an improper intent to deprive their children of support

---

[2] If the court order for child support varies by ten percent or more from the amount which would be due under the most current child support guidelines, a substantial change of circumstances exists. Iowa Code § 598.21C(2)(a). Both parties cite this code section in their briefs, but neither party provides a calculation of the amount of child support due under the current guidelines to show whether the ten percent variance applies.

or in reckless disregard for their children's wellbeing" by allowing the parents "a commensurate reduction in child support payments." *In re Marriage of Walters*, 575 N.W.2d 739, 741 (Iowa 1998) (quoting *In re Marriage of Swan*, 26 N.W.2d 320, 323–24 (Iowa 1995)).

An income and earning capacity reduction is self-inflicted when the parent acts with purpose or recklessness in giving up a more lucrative position. *See, e.g.*, *In re Marriage of Dawson*, 467 N.W.2d 271, 275 (Iowa 1991) (finding income reduction as a result of quitting job to return to school was self-inflicted); *Ellis v. Ellis*, 262 N.W.2d 265, 267–68 (Iowa 1978) (concluding voluntary civil service retirement was self-inflicted and did not justify reduced support obligation); *In re Marriage of Bales*, 439 N.W.2d 228, 230 (Iowa Ct. App. 1989) (deciding modification was not justified when obligor quit higher paying job to take lower paying job); *In re Marriage of Kern*, 408 N.W.2d 387, 390 (Iowa Ct. App. 1987) (classifying criminal conviction and later loss of medical license as self-inflicted income reduction). But Iowa courts have determined reductions are not self-inflicted in cases analogous to Eric's situation. *See, e.g.*, *In re Marriage of Foley*, 501 N.W.2d 497, 500 (Iowa 1993) (finding employment termination for insubordination which resulted in obligor's reduction in income was not self-inflicted); *Boquette v. Boquette*, 247 N.W. 255, 256 (Iowa 1933) (reducing support obligation when obligor's salary decreased after demotion); *Nicolls v. Nicolls*, 235 N.W. 288, 289 (Iowa 1931) (reducing support obligation when obligor was fired and unable to secure a job with similar pay); *see also In re Marriage of Walters*, 575 N.W.2d 739, 743 (Iowa 1998) (finding father's reduction in income resulting

from criminal activity, though voluntary, was not done with an improper intent to deprive children of support).

In March 2017, Eric sought treatment for high blood pressure. Complications with his medication caused him to chronically miss work. A misunderstanding with the doctor's office prevented Eric from timely supplying his employer with medical forms to justify the leave. As a result, Eric lost his job. While unsuccessfully appealing his termination, Eric took a job with a local grocer to stay current on his child support payments. By the end of September 2017, Eric secured a job with FarmTek similar to his previous position at John Deere, though significantly less lucrative. His income at FarmTek at time of the modification order was about $35,300. Eric's termination from John Deere and subsequent decrease in income resulted from his voluntary, and perhaps negligent, actions. But Eric's conduct did not reveal an improper intent to deprive his children of support. *See Walters*, 575 N.W.2d at 741. We disagree with the district court's determination that his loss of income and earning capacity was self-inflicted.

Iowa Code section 598.21C(1)(a) also allows modification based on the increased income of the obligee. The district court downplayed Deanne's raises as "small incremental increases" in her income. But, in reality, Deanne realized a jump in earnings from $21,017 to $36,040 in four years. While Deanne is now covering the children's insurance, testimony reflects Eric was reimbursing her for more than half of that expense. Deanne's additional income contributes to the substantial change in circumstances justifying modification.

We next turn to Eric's contention the district court should calculate his child support based on his actual earnings rather than earning capacity. The purpose

of Iowa's child support guidelines is "to provide for the best interests of the children by recognizing the duty of both parents to provide adequate support for their children in proportion to their respective incomes." *In re Marriage of McKenzie*, 709 N.W.2d 528, 532 (Iowa 2006) (quoting Iowa Ct. R. 9.3). While "[e]ach parent has a duty to provide support according to his or her ability to pay," before basing a calculation on earning capacity, the court must make a finding that a substantial injustice would result from using the parent's actual earnings. *In re Marriage of Salmon*, 519 N.W.2d 94, 97 (Iowa Ct. App. 1994) (citing *In re Marriage of Bonnette*, 492 N.W.2d 717, 722 (Iowa Ct. App. 1992)). The record before us does not reflect any other employment available to Eric offering greater pay and he has no significant assets to pay support based on an earning capacity that exceeds his actual earnings. Although the reduced support impacts the children, the involuntary loss of employment is a fact of life for many families.

Because Eric established a substantial change in circumstances and his reduction of income was not self-inflicted, we find modification of Eric's child support obligation is equitable.

### B. Modification of Spousal Support

Much like child support modifications, courts may modify spousal support[3] when a party shows a substantial change in circumstances. *In re Marriage of Wolfs*, No. 17-0664, 2018 WL 2230723, at *3 (Iowa Ct. App. May 16, 2018). To

---

[3] Our case law uses the terms "alimony" and "spousal support" interchangeably, though the statutory phrase is now "spousal support." *In re Marriage of Ales*, 592 N.W.2d 698, 702 n.2 (Iowa Ct. App. 1999).

the extent Eric has an ongoing spousal support obligation, we find modification of those payments is warranted for the reasons outlined above.

The decree awarded Deanne alimony of $400 per month for sixty months. The district court temporarily suspended Eric's alimony obligation in May 2017. By then, he had completed forty-seven months of his sixty-month obligation. The record available to us on appeal does not enable us to determine when Eric's spousal support obligation resumed or how many months remain. We leave those questions for the district court to decide on remand.

### C. Retroactive Application of Support Obligations

Child support awards may be retroactively modified only from three months after the date the notice of the pending petition for modification is served on the opposing party. Iowa Code § 598.21C(5). Eric petitioned for modification in June 2016. Eric and Deanne had two temporary agreements: the first in January 2017, reducing Eric's child support obligation from $1370 to $1200 and continuing his spousal support obligation, and the second in May 2017, again reducing Eric's child support obligation to $800 and suspending his spousal support obligation. The May 2017 order included the following statement: "all parties agree that the issue of support and alimony can be retroactively reviewed by the Court at the time of trial and an adjustment can be made if the Court deems that today's modification was not appropriate for any reason."

Eric claims the court should retroactively decrease his child and spousal support obligations. We disagree. "Iowa case law provides 'although a support order may be retroactively increased, it may not be retroactively decreased.'" *In re Marriage of Doubek*, No. 12-0628, 2013 WL 104962, at *2 (Iowa Ct. App. Jan.

9, 2013) (citing *In re Marriage of Barker,* 600 N.W.2d 321, 323–24 (Iowa 1999)). The same is true for alimony. "[R]etroactive modification is inappropriate only when the level of alimony is decreased or terminated." *In re Marriage of Wessels*, 542 N.W.2d 486, 490 (Iowa 1995). Although a modification in Eric's support obligations is warranted going forward, any reductions cannot be applied retroactively. We do not read any agreement by the parties as overcoming these principles.

### D. Attorney Fees

Both parties seek appellate attorney fees. In modification proceedings, the district court "may award attorney fees to the prevailing party" in a reasonable amount. Iowa Code § 598.36. That provision also gives us discretion to award appellate attorney fees. *In re Marriage of Michael*, 839 N.W.2d 630, 639 (Iowa 2013). We consider the parties' respective abilities to pay, whether a party resisting the modification petition was successful, and whether a party has been obliged to defend the district court's decision on appeal. *Id.* After considering these factors, we conclude the parties should pay their own attorney fees. We recognize the merit to Eric's appeal, but do not find Deanne in a superior financial position to pay for his representation.

### IV. Summary

Because Eric met his burden to show a substantial change in circumstances and his decreased income was not self-inflicted, we find modification is warranted. We reverse the modification order and remand to the district court to calculate Eric's support obligations with accurate and current financial figures consistent with our findings. Reductions in support will not apply retroactively. Each party is

responsible for their own appellate attorney fees, and we divide appellate costs equally between the parties.

**REVERSED AND REMANDED.**