In re the MARRIAGE of Trudy Jeran HABBEN and Larry Dean Habben.

Upon the Petition of Trudy Jeran HABBEN, now known as Trudy Jeran Cook, Petitioner, Appellant, and concerning Larry Dean HABBEN, Respondent, Appellee.

No. 59715.

Supreme Court of Iowa.

Dec. 21, 1977.

John M. Perkins, Fort Dodge, for appellant.

McCarville, Bennett, Beisser, Ferguson & Wilke, Fort Dodge, for appellee.

Heard by MOORE, C. J., and LeGRAND, REES, UHLENHOPP and McCORMICK, JJ.

REES, Justice.

This is an appeal by the petitioner, Trudy Jeran Habben, now known as Trudy Jeran Cook, from the final judgment and ruling of the trial court on her application for modification of a decree of dissolution of marriage. The trial court dismissed petitioner's application to modify and overruled her subsequent motion for a new trial. We affirm.

The marriage of the parties was dissolved by a decree of dissolution entered February 15, 1975, which awarded custody of the two minor children of the parties: Troy and Timothy, to the wife (hereinafter Trudy). The respondent (hereinafter Larry) was ordered to pay $75 per month per child for support, maintenance and education, such payments to begin March 1, 1973 and terminate when each child attains the age of 18 or is otherwise emancipated. In the decree Trudy was ordered to "sign such instruments necessary to permit the respondent to take said children as deductions on his income tax returns, both federal and state."

In lieu of any other property settlement or money, Trudy was awarded $5,000 to be paid by Larry.

At the date of the entry of the decree, Trudy was employed as a licensed practical nurse and was earning disposable income of $400 per month. At the time of the hearing on the petition to modify, it was established she had qualified as a registered nurse, and it was shown that Trudy and her second husband, Mr. Cook, had a combined disposable income amounting to $1680 per month. According to the testimony of the petitioner, the cost of supporting each child was shown to be at least $244 per month, and that all of such cost or expense in addition to the $75 per month contributed by Larry was furnished by Trudy and her second husband, Cook. The evidence disclosed the standard of living provided the children had been substantially raised; that the family occupied a new home, and that Trudy was required to pay for baby-sitting or medical expenses which would amount to about $125 per month.

There is nothing in the record whatever to indicate any change in circumstances as far as the respondent is concerned.

After hearing, the trial court found that Trudy was contributing over half of the support of the children, but found no substantial change in circumstances had been shown beyond the contemplation of the parties reflected by the original decree of dissolution, which was in fact a decree which reflected a consensual agreement between the parties to the action, and the trial court thereupon denied Trudy's application. In her subsequent motion for a new trial, Trudy asserted the trial court's ruling was contrary to law because the award of tax exemptions was a fit subject matter for modification and the requisite changes in circumstances was in fact shown. In its ruling, the court stated it was under the impression it could not enter an order which would have the overall effect of changing the support payments when the petitioner did not seek to have the entire support situation examined and inquired into on her application to modify, but the trial court indicated that it was not holding there had not been a change in circumstances to warrant an increase or decrease in support payments.

The petitioner-appellant states the following issues for review which she contends on our de novo review of the record would necessitate a reversal:

(1) That the trial court was required to determine whether the award of dependency deductions for income tax purposes to the respondent-husband under the dissolution decree and by virtue of the agreement between the parties is subject to review and modification under § 598.21, The Code, as a support provision or whether the same constituted a property settlement not subject to modification.

(2) Whether there was shown a change in circumstances which would permit the modification of the decree in the respect sought by the petitioner.

(3) That the trial court erred in overruling petitioner's motion for a new trial.

I. Our review is de novo. Rule 4, Rules of Appellate Procedure.

II. The first issue for our determination is whether the award of dependency deductions should be considered a part of the child support allowance subject to review under § 598.21, The Code, or whether the same constituted a settlement of property rights which was not subject to review. The respondent Larry contends that such awards are part of the property settlement and not subject to modification, while Trudy contends the awards are subject to modification.

Section 598.21, The Code, provides:

"Alimony—custody of children— changes. When a dissolution of marriage is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be justified.

"Subsequent changes may be made by the court in these respects when the circumstances render them expedient."

■ Under the foregoing statute and its predecessors, property settlements have been deemed not to be subject to modification. *Wernli v. Wernli,* 216 N.W.2d 322, 324 (Iowa 1974); *Danley v. Danley,* 163 N.W.2d 71, 74 (Iowa 1968); *Knipfer v. Knipfer,* 259 Iowa 347, 355–356, 144 N.W.2d 140, 144–145. Child support payments have been deemed to be subject to modification if there has been a material and substantial change in circumstances since the entry of the original decree. *In re Marriage of Jensen,* 251 N.W.2d 252, 253–254 (Iowa 1977); *Spaulding v. Spaulding,* 204 N.W.2d 634, 635 (Iowa 1973); *Dworak v. Dworak,* 195 N.W.2d 740, 742 (Iowa 1972). The respondent relies on the pronouncement of the Texas Court of Civil Appeals in *Kolb v. Kolb,* 479 S.W.2d 81 (Texas 1972). The court held that the award to a party to a dissolution is not subject to modification since the awards were based on a binding contract between the parties. We do not subscribe to this position as limiting the courts of this state with respect to modifications of dissolution decrees. See *Knipfer v. Knipfer,* 259 Iowa at 350, 144 N.W.2d at 142; *Brin v. Brin,* 240 Iowa 659, 664, 37 N.W.2d 261, 264.

The provisions of the dissolution decree dealing with dependency deductions are subject to change since such items are connected directly with the requirements of a non-custodial parent to afford support, child support as such being unquestionably subject to modification. The allocation of the right to claim income tax exemptions has a direct effect on the financial resources available for the support of children and is often considered in connection with the award of support payments when the decree is entered. Section 152(e)(2), I.R.C., having to do with the provisions of dissolution decrees in which the allocation of dependency deductions is determined, provides in part:

"Special rule.—The child * * * shall be treated as having received over half of his support during the calendar year from the parent not having custody if—

"(A)(i) The decree of divorce * * * *applicable to the taxable year beginning in such calendar year,* provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, * * *." (emphasis added).

The language of the Internal Revenue Code supports our conclusion that the provisions of decrees of dissolution allocating dependency deductions are subject to modification. Our conclusion in this regard is strengthened by the fact that in the instant case the provision allocating the dependency deductions was a part of the same provision of the decree providing for child support. We conclude and hold, therefore, that since the awards of dependency deductions are directly related to the matter of child support allowances, such awards are subject to modification.

■ III. The appellant-petitioner next contends that there was shown in the record a change in circumstances which would permit the modification she requested. Modifications of provisions of dissolution decrees having to do with the support of children, or those related to such provisions, can be allowed only if there has been shown a substantial change in circumstances since the entry of the original decree. See *Spaulding v. Spaulding,* 204 N.W.2d at 635; *Dworak v. Dworak,* 195 N.W.2d at 742. Trudy claims that there was such a change in circumstances shown since her available monthly income increased from $440 at the time of the decree to $1680 (including the income of her second husband) at the time of the filing of her petition for modification, and since the record established the costs of supporting her children had increased to over $450 per month for both children. The trial court found no change in circumstances shown that would justify modification of the decree. In overruling Trudy's motion for a new trial, the trial court observed that its order did not foreclose a determination that the decree should be modified if the entire support provisions were properly brought before the court in an application for modification.

■ While there may have been a substantial change in circumstances which

would have permitted a modification of the decree, if the entire support provisions were in the record before us, our review of the record does not satisfy us a modification of the decree in the respects sought would have been proper. There is nothing in the record to reflect any change in condition or circumstance on the part of the respondent, or any indication there has been any change in his financial position since the entry of the degree of dissolution. We conclude there was no change in circumstances beyond the contemplation of the parties at the time the original decree was entered shown in the record before us here which would have properly justified the trial court in ordering a modification of the original decree in the respects sought by the petitioner.

IV. We hold, therefore, that provisions of decrees of dissolution of marriage dealing with the allocation of dependency deductions for income tax purposes are properly subject to modification.

The order of the trial court denying the modification sought by the petitioner in this case is affirmed, together with its overruling of petitioner's motion for a new trial. The improved financial condition of the petitioner is not, in our judgment, a sufficient ground to permit the entry of an order of modification of the decree in this case.

AFFIRMED.