In re The MARRIAGE OF Judy K. EGLSEDER and Terry L. Eglseder.

Upon the Petition of Judy K. Eglseder, Petitioner–Appellee/Cross–Appellant,

And Concerning Terry L. Eglseder, Respondent–Appellant/Cross–Appellee.

No. 88–1779.

Court of Appeals of Iowa.

Oct. 5, 1989.

Joseph J. Bitter, Dubuque, for petitioner-appellee/cross-appellant.

Robert L. Sudmeier, Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C., Dubuque, for respondent-appellant/cross-appellee.

Considered by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

The issue in this appeal is whether we should affirm the trial court's order increasing the child support to be paid by appellant Terry Eglseder and denying him a provision requiring Judy to execute a document that would enable him to claim dependency exemptions for two children. We affirm.

The marriage of the parties was dissolved in 1979. The children were then six years old and two years old. They were placed in Judy's care.

Terry is employed by John Deere. At the time of the dissolution Terry had adjusted gross income of approximately $28,000. His salary in 1987 was $39,980. The children are now fifteen and eleven.

■ The trial court modified the decree by increasing child support from $40 per week per child to $95 per week for two children and $50 per week for one. Terry contends the child support should not have been increased because the children have had no unusual or unexpected increase in expenses not anticipated at the time of the decree.

Terry recognizes he has realized an increase in income since the time of the original decree. Terry contends the increase should not be considered because his annual increases were minimal. We reject his argument and consider his increase in wages. We also consider inflation between 1979 and 1989. We consider the expenses associated with raising teenage children. *See Spaulding v. Spaulding*, 204 N.W.2d 634, 635 (Iowa 1973); *In re Marriage of Phipps*, 379 N.W.2d 26, 28–29 (Iowa App. 1985). The increase ordered by the trial court was modest. We reject Terry's arguments and affirm the increase.

■ Terry claims the trial court should have required Judy to execute documents recognizing his right to the dependency exemption/credit for purposes of federal and state income taxes. The original decree left the matter of which parent would be entitled to claim the children's dependency for the parents to resolve between themselves. Both have been claiming the children as dependents. New tax legislation requires execution by a custodial spouse of a document confirming entitlement to a dependency exemption by the noncustodial spouse. Such a request can be considered in a modification action. The provisions of a dissolution decree dealing with dependency deductions are subject to change since such items are connected directly with the requirements of a noncustodial parent to afford support, child support as such being unquestionably subject to modification. *In re Marriage of Habben*, 260 N.W.2d 401, 403 (Iowa 1977); *see also In re Marriage of Lovetinsky*, 418 N.W.2d 88, 90 (Iowa App.1987).

■ Federal Tax Regulation, section 1.152–4(d)(3), provides:

(3) **Actual support.** A noncustodial parent who provides $1,200 or more support for the child (or, for taxable years

beginning before October 5, 1986, if there is more than one child for which he claims an exemption, $1,200 or more for the combined support of all of such children) shall be treated as having provided more than half the support for the child (or children) notwithstanding any provision to the contrary contained in a decree of divorce or separation or in a written agreement, unless the custodial parent clearly established that the custodial parent provided, in fact, more for the support of the child during the calendar year than the noncustodial parent. Under section 152(3)(2)(B) and this subparagraph, if the noncustodial parent established that the noncustodial parent has provided $1,200 or more for the support of the child, then the custodial parent has the burden of establishing the custodial parent has provided more for the support of the child than has been established by the noncustodial parent in order to be treated as having provided over half of the support of the child. See paragraph (e) of this section with regard to notification and submission of itemized statements.

Terry argues he has provided more than $1,200 per child in child support—$2,080 per child per year under the original decree. Terry contends he has paid half of the support of Cory and Courtney, even without the increase ordered by the trial court. He claims he has been, and continues to be, entitled to claim them as dependents on his federal and state income tax, and the court should have entered an order requiring Judy to execute documents recognizing Terry's entitlement to the dependency exemptions/credits for both children and release her own claim for that exemption, pursuant to IRC section 152(e)(2):

(2) **Exception where custodial parent releases claim to exemption for the year.**—A child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the noncustodial parent if—

(A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year, and

(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year. For purposes of this subsection, the term 'noncustodial parent' means the parent who is not the custodial parent.

Terry has not shown his support payments are sufficient to meet one-half the expenses of raising these children, and we do not determine the $2,475 per child per year he will be paying in this family situation be considered one-half their support. The current federal deduction for a child is $1,950 and will be $2,000 in 1989, plus state tax deduction. Terry is in essence seeking to have his child support be totally deductible.

We reject his claim that he should have the tax deduction and Judy should be directed to execute documents supporting her deduction.

Judy has requested attorney fees on appeal. We award her appellate attorney fees of $1,500.

AFFIRMED.