**In re the MARRIAGE OF Cynthia Ann FEUSTEL and Mark Dennis Feustel,**

**Upon the Petition of Cynthia Ann Feustel, Appellee,**

**And Concerning Mark Dennis Feustel, Appellant.**

**No. 89–1799.**

Supreme Court of Iowa.

March 20, 1991.

Ted Enabnit of Enabnit & Keen, P.C., Mason City, for appellant.

R. Michael Sweesy, Mason City, for appellee.

SNELL, Justice.

This appeal by Mark Dennis Feustel arises out of an adverse ruling in the district court denying his application for modification of a prior divorce decree. The question is whether a change in the federal tax law under which the Internal Revenue Service (IRS) denied Mark's previous entitlement to claim his children as dependents for income tax purposes is a substantial change in circumstances warranting modification of the decree. We conclude that it is, and therefore reverse and remand the district court's denial of Mark's application for modification.

On December 19, 1983, the district court filed a decree of dissolution dissolving the marriage of the parties to this appeal. The decree awarded physical custody of the three minor children to Cynthia Ann Feustel and imposed a child support obligation upon Mark in the amount of $850 per month. The decree is silent as to who should be entitled to take the child dependency exemptions for income tax purposes. Mark has continued to claim the three children as his dependents since the parties' divorce in 1983. Cynthia began claiming the children as her dependents on her 1984 income tax return and has continued to do so for each calendar year since. Mark first became aware of this duplication as a result of a challenge by the IRS in 1988.

On March 27, 1989, Mark filed an application to modify the dissolution decree entered by the district court on December 19, 1983. In this application, Mark sought to modify the decree by inserting a provision entitling him to claim the three minor children as his dependents for income tax purposes. In essence, the application alleges that the denial of Mark's right to claim the children as dependency exemptions for income tax purposes constitutes a substantial change in circumstances warranting the modification sought.

On August 2, 1989, a hearing was held on Mark's application. The court, in denying the application, concluded that Mark had failed to meet the requirements of

Iowa Code section 598.21(8) (1989) to prove that there had been a substantial change of circumstances. Mark appeals this ruling.

Our scope of review in an equitable proceeding such as for the modification of a dissolution of marriage decree is de novo. *See* Iowa R.App.P. 4. Furthermore, while we give weight to the trial court's findings, we are not bound by them. Iowa R.App.P. 14(f)(7).

■ Pursuant to section 598.21(8), a court of competent jurisdiction may subsequently modify a decree of dissolution where there has been a substantial change in circumstances. The enumerated criteria to be considered by the court in determining whether there has been a substantial change in circumstances is also codified within that section. *See* Iowa Code § 598.21(8)(a)-(k).

To justify a modification, "some material change must be shown in the circumstances of the parties, financially or otherwise, making it equitable that other or different terms be imposed." *In re Marriage of Jensen*, 251 N.W.2d 252, 254 (Iowa 1978) (quoting *Spaulding v. Spaulding*, 204 N.W.2d 634, 635 (Iowa 1973)). "This required material and substantial change must have occurred since the date of the original decree or any subsequent intervening proceeding which considered the situation and rights of the parties upon an application for the same relief." *Id.* (citing *Dworak v. Dworak*, 195 N.W.2d 740, 742 (Iowa 1972)). The circumstances which have changed must be those which were not then within the contemplation of the court when the decree was entered. *Page v. Page*, 219 N.W.2d 556, 557 (Iowa 1974). Moreover, the burden is on the party seeking modification to prove a substantial change in circumstances by a preponderance of the evidence. *Mears v. Mears*, 213 N.W.2d 511, 515 (Iowa 1973).

The IRS regulations respecting entitlement to dependency exemptions for children of divorced parents have changed over the past several years. Under the regulations in effect at the time of the entry of this decree and in effect until December 31, 1984, the custodial parent had the presumption of qualification where the decree is silent as to the right to claim the dependency exemption. However, if the noncustodial parent provided over $1200 in direct support annually, the burden shifted to the custodial parent to establish to the satisfaction of the IRS that over fifty percent was in fact provided by the custodial parent. Mark claimed the exemptions under this law. For tax years beginning after December 31, 1984, the Tax Reform Act of 1984 provides that the parent having custody of a child for the greater part of the year will generally be treated as having provided more than one-half of a child's support and will be entitled to the dependency exemption. There are, however, three exceptions to this rule. First, the custodial parent may release his or her claim to the exemption for the year to the noncustodial parent. *See* I.R.C. § 152(e)(2). For this exception to apply, the custodial parent must sign a written declaration that he or she will not claim the child as a dependent for the year, and the noncustodial parent must attach the written declaration to his or her return. *Id.* Second, the general rule shall not apply in any case where over half the support of the child is treated as having been received from a taxpayer under a multiple-support agreement. I.R.C. § 152(e)(3). Finally, a third exception is provided by Internal Revenue Code section 152(e)(4). That section provides that a child shall be treated as having received over half of his or her support during a calendar year from the noncustodial parent if—

(i) A qualified pre–1985 instrument between the parents applicable to the taxable year beginning in such calendar year provides that the noncustodial parent shall be entitled to any deduction allowable under section 151 for such child, and

(ii) The noncustodial parent provides at least $600 for the support of such child during such calendar year.

I.R.C. § 152(e)(4)(A).

Mark needs the modification sought herein as the precursor for his claim to the dependency exemptions before the IRS.

In *In re Marriage of Habben*, 260 N.W.2d 401 (Iowa 1977), our court also considered a petition to modify a dissolution decree to change the entitlement to the tax deduction for child support. There, the original decree had ordered the husband to pay child support and provided that he could claim the children's support for income tax deductions. In seeking a modification, the former wife pointed to her increased expense in raising the children as custodial parent and her increased support of them due to her raised earnings and the income of her second husband. The trial court denied relief even though it found the wife was contributing over half the support for the children. The denial was posited on a finding that there was no substantial change in circumstances shown beyond the contemplation of the trial court's decree which in fact reflected a consensual agreement between the parties. On appeal, we concluded that dependency deductions were a proper subject of modification since they are directly related to the matter of child support allowances. We also agreed with the trial court that a modification was not indicated. In that regard we said:

> While there may have been a substantial change in circumstances which would have permitted a modification of the decree, if the entire support provisions were in the record before us, our review of the record does not satisfy us a modification of the decree in the respects sought would have been proper.

Id. at 403–04.

In the case at bar, Cynthia argues that this statement and the case holding prohibit the change requested by Mark because the entire matter of child support was not at issue. We do not read our decision as so holding. Rather, we were stating the reasoning that justified a denial of the request for a change of dependency deductions.

The trial court in the present case noted that the dissolution decree was silent as to who should be entitled to the dependency exemptions. The judge also observed that he had been the judge in the dissolution action. In what was deemed an Iowa Rule of Civil Procedure 179(b) motion in the original action, no reference was made to the silence of the decree regarding exemptions. The court thought this indicated an awareness by Mark of the income tax implications and he did not complain.

The court felt that due to issues being raised as to other deductions in the rule 179(b) motion that income tax was a matter of concern and consideration when the motion was heard and ruled upon. Mark argued that the silence was a result of oversight or mistake. The trial court responded with this analysis:

> I am unable to retrace the mental processes leading to the formulation of the terms of the original Decree. Lack of reference to child dependency exemptions may have been a result of oversight; on the other hand, the rather extensive detailing of financial implications set forth in the Decree cause me to believe that more than casual consideration was given to the parties' finances both at the time of Decree and in the future.

In ruling on a motion to reconsider the court said:

> [T]he absence of such a provision could equally be determined as a decision by the Court to leave the matter between the parties and Internal Revenue Service. The Court was aware that Internal Revenue Service regulations, requirements and laws do change from time to time.

Based on this analysis of the original decree and its intent, the court was unable to find any basis for modifying the original decree.

It is apparent from the trial court's decision that it was compassionate to Mark's dilemma. Nevertheless, it expressed an inability to find a changed circumstance that comported with section 598.21(8). This is because it could not find that the tax consequences of dependency exemptions were not contemplated in the original decree. Consequently, without this finding it could not modify the decree on the ground of mistake, oversight or a change of circumstances due to a new tax law. A modification was barred as a matter of law.

██ We think the trial court has applied an analysis that is too constrictive. Sub

silentio, most modification attempts of dependency exemptions would be barred where the original decree was silent as to whether the husband or the wife could claim them. This result is not required by the statute or our cases, and it frustrates equity. The trial court erred in its analysis of the requirements of section 598.21(8).

On the question of whether Mark was equitably entitled to relief, the court found that Mark had been faithful in meeting his support obligation. Evidence was presented that in addition to the $850 per month child support paid, he provided the children with hospitalization, health and medical insurance benefits. He contributed monthly to a college education fund for them and established a life insurance program.

Mark also provided food and shelter for the children at visitation times every Tuesday, every other Thursday and on alternate weekends. These facts of record were not challenged by Cynthia. Nor did she present evidence that she contributed more than one-half of the children's support.

Our cases have repeatedly held that the burden to show a substantial change of circumstances rests upon the applicant. *Mears*, 213 N.W.2d at 515; *Mason v. Zolnosky*, 251 Iowa 983, 989, 103 N.W.2d 752, 755 (1960). We find in our de novo review that Mark has sufficiently met this burden. The substantial change established is that the change in the tax law deprived him of his right to claim and prove his entitlement to dependency exemptions that he was not otherwise prevented from claiming under the terms of the original decree. Accordingly, we remand this matter for entry of an order modifying the dissolution decree as of the date of this petition for modification to allow Mark to claim dependency exemptions for income tax purposes.

REVERSED AND REMANDED.

All Justices concur except NEUMAN, J., who dissents, and is joined by McGIVERIN, C.J., and LARSON, J.

CARTER, J., takes no part.

NEUMAN, Justice (dissenting).

I respectfully dissent. The decision reached by the majority is not only contrary to well established law but potentially inequitable in its application.

No doubt the tax law revision about which Mark complains could constitute a substantial change of circumstances warranting modification in a given case. *See, e.g., In re Marriage of Habben*, 260 N.W.2d 401, 403 (Iowa 1977) (right to claim income tax deductions bears on financial ability to pay support and is thus proper subject of modification). Whether any change is "substantial," however, turns on the "overall financial condition" of the parties at the time a modification is proposed. *Page v. Page*, 219 N.W.2d 556, 558 (Iowa 1974); *see also* Iowa Code § 598.21(8) (codifying not less than eighteen factors to be considered by the court before modifying a decree).

The problem with the present case is that we simply do not have before us a record that reflects the overall financial condition of these parties. Mark, whose burden it was to furnish such proof, palpably failed to do so. When asked, for example, to defend his self-serving testimony that he furnishes more than fifty percent of the children's support he candidly replied: "I don't have proof, but I just feel that if it were, you know, to be proved, that it could be proved."

This court recently held that a decree should not be modified "unless its enforcement will be attended by positive wrong or injustice as a result of changed conditions." *In re Marriage of Bergfeld*, 465 N.W.2d 865, 869 (Iowa 1991) (quoting *Ellis v. Ellis*, 262 N.W.2d 265, 267 (Iowa 1978)). The only changed condition cited by Mark is the amended tax code. I would concede that his faithful payment of child support, without the benefit of the tax deduction, may be inequitable. For the reasons that follow, however, I submit that it may be just as inequitable to deny this tax advantage to the custodial parent.

Under the court's 1983 decree, a portion of Mark's child support obligation of $9200 per year is considered payment toward real

estate equity for which he will be reimbursed when the homestead is sold. Although not entirely clear on this record, that reimbursable sum appears to be $200 per month, or $2400 per year. This credit reduces his true child support obligation to $6800 per year. Given the current tax deduction of $2050 per dependent, *see* I.R.C. § 151(d)(1)(C) (1991), the majority opinion enables Mark to offset a substantial portion of his annual child support obligation. Cynthia, on the other hand, is deprived of that benefit, notwithstanding the fact that she bears the day-to-day responsibility for these children and, arguably, forty-nine percent of their financial support. The court of appeals has recognized the obvious inequity in such a situation. *See In re Marriage of Eglseder*, 448 N.W.2d 703, 705 (Iowa App.1989). So should we.

Without an adequate record, it is impossible to strike the proper balance in these equitable proceedings. The district court wisely rested its refusal to modify on this ground. We should affirm.

McGIVERIN, C.J., and LARSON, J., join this dissent.