In re the MARRIAGE Of Rick REEDHOLM and Sally Reedholm,

Upon the Petition of Rick Reedholm, Appellee,

And Concerning Sally Reedholm, Appellant.

No. 92–501.

Court of Appeals of Iowa.

Feb. 2, 1993.

Emily Gosnell, Legal Services Corp. of Iowa, Des Moines, for appellant.

Rick Reedholm, pro se.

Heard by DONIELSON, P.J., and HAYDEN, J., and PERKINS, Senior Judge.*

DONIELSON, Presiding Judge.

In 1987, the district court dissolved by decree the marriage of Rick and Sally Reedholm. The district court awarded physical custody of the two children to Rick. The district court did not order Sally

---

* Senior judge from the 5th Judicial District serving on this court by order of the Iowa Supreme Court.

to pay child support. At the time of the dissolution, Rick worked as a maintenance supervisor at a county care facility. His net earnings were about $1012 per month. Sally was self-employed and ran a day-care business. Her net earnings were $560 per month. The court of appeals affirmed, as modified, the dissolution decree providing for joint custody of the children and additional visitation. *See In re Marriage of Reedholm,* 442 N.W.2d 280 (Iowa App. 1989).

In August 1991, Rick petitioned for modification of the parties' dissolution decree, specifically seeking child support. Rick is currently employed as a carpenter and his net earnings are approximately $1688 per month. Sally works part-time for United Parcel Service (UPS) and earns about $688 per month. She also has family health insurance. Both Rick and Sally are single. Sally also has a four-year-old daughter (not fathered by Rick) who lives with her.

Following a hearing, the district court found there was a material change of circumstances. Applying the child support guidelines, the court ordered Sally to pay $180 per month child support in two equal installments of $90. Sally filed a motion to enlarge the findings and modify the decree. Sally specifically requested the court reduce the amount of child support retroactively to the sum of $50 per month or less. The district court overruled the motion.

Sally now appeals. She contends the district court erred in finding her husband proved a substantial change of circumstances, and the district court's application of the child support guidelines was an abuse of discretion. On our review, we affirm the district court.

■ In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek,* 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

I. *Substantial Change of Circumstances.* Sally first contends the district court erred in finding there was a change of circumstances to justify modifying the decree.

■ Under Iowa Code section 598.21(8) (1991), the court may modify a decree where there has been a substantial change of circumstances. *See Mears v. Mears,* 213 N.W.2d 511, 514–15 (Iowa 1973). "The trial court has reasonable discretion in determining whether modification is warranted and that discretion will not be disturbed on appeal unless there is a failure to do equity." *In re Marriage of Kern,* 408 N.W.2d 387, 389 (Iowa App.1987) (citing *In re Marriage of Vetternack,* 334 N.W.2d 761, 762 (Iowa 1983)).

The principles enumerated in *Vetternack* and applied in *Kern* are applicable here as well:

A number of principles emerge from our cases: (1) there must be a substantial and material change in the circumstances occurring after the entry of the decree; (2) not every change in circumstances is sufficient; (3) it must appear that continued enforcement of the original decree would, as a result of the changed conditions, result in positive wrong or injustice; (4) the change in circumstances must be permanent or continuous rather than temporary; (5) the change in financial conditions must be substantial; and (6) the change in circumstances must not have been within the contemplation of the trial court when the original decree was entered.

*Vetternack,* 334 N.W.2d at 762. In determining whether there is a substantial change in circumstances, the court shall consider "[c]hanges in the employment, earning capacity, income or resources of a party." Iowa Code § 598.21(8)(a) (1991).

■ The district court found there had been a substantial change of circumstances as Sally's income had risen twenty-three percent since 1989, and she now had medical insurance provided for her by her employer. At the time of the decree, Sally was self-employed in a day-care business. She brought home less income and had no

insurance benefits available. Sally is now employed part-time by UPS and works about twenty-two and a half hours per week. She has full medical benefits and paid vacation. Furthermore, Sally testified she plans to make a career with UPS and has "possibilities" in the future.

We agree with the district court's finding that there was a substantial change of circumstances since the time of the decree which justified awarding Rick child support. We affirm the district court on this issue.

II. *Deviation from the Guidelines.* Sally next contends the district court abused its discretion by its "rigid application" of the child support guidelines.

"There is a rebuttable presumption that the amount of child support which would result from the application of the guidelines ... is the correct amount of child support to be awarded." *In re Marriage of Bergfeld,* 465 N.W.2d 865, 869 (Iowa 1991). Our supreme court has directed " '[t]he court shall not vary from the amount of child support which would result from application of the guidelines without a written finding that the guidelines would be unjust or inappropriate.' " *In re Marriage of Hansen,* 465 N.W.2d 906, 910 (Iowa App.1990) (quoting Iowa Child Support Guidelines (October 16, 1990)). *See* Iowa Code § 598.21(4)(b) (1991).

■ In *In re Marriage of Bergfeld,* this court recognized several factors under which it would be unjust and inappropriate to apply the guidelines:

(1) Substantial injustice would result to the payor, payee, or child;

(2) Adjustments are necessary to provide for the needs of the child and to do justice between the parties, payor, or payee under the special circumstances of the case; and

(3) Circumstances contemplated in Iowa Code section 234.39 [ (regarding foster care) ]

465 N.W.2d at 869.

After her child support obligation, Sally will be left with $508 per month to support two people. Sally contends the guidelines should not be applied because her income is at the poverty level and her expenses are at a subsistence level. She testified she could not rent an apartment for less than her $140 mortgage. As a result, Sally contends she will be rendered homeless if the guidelines are applied.

■ Both parents have a legal obligation to support their children, not necessarily equally, but in accordance with his or her ability to pay. *Iowa Dep't of Human Servs. ex rel. Gonzales v. Gable,* 474 N.W.2d 581, 583 (Iowa App.1991). In formulating the child support guidelines, the supreme court considered the expenses of raising the children. The court undertook to balance the needs of the children against the legitimate needs and expenses of the payor parent. *State ex rel. Dep't of Human Servs. v. Burt,* 469 N.W.2d 669, 670 (Iowa 1991).

We recognize the application of the child support guidelines will indeed impose a hardship on Sally's financial situation. However, no special circumstances exist to justify deviating from the guidelines. We do not find two payments of $90 each month result in a substantial injustice to Sally. The guidelines as applied reflect not only Sally's economic situation, but also her responsibility to her two children fathered by Rick. We find no abuse of discretion in the district court's application of the guidelines.

The costs of this appeal are taxed to Sally.

For the reasons stated, we affirm the judgment of the district court.

AFFIRMED.