**In re the MARRIAGE OF Scott C. STATON and Helen J. Staton.**

**Upon the Petition of Scott C. Staton, Appellee, and Concerning Helen J. Staton, Appellant.**

No. 92–351.

Court of Appeals of Iowa.

Nov. 29, 1993.

Richard A. Bartolomei of Bartolomei & Lange, Des Moines, for appellant.

Brian L. Yung, Fort Dodge, for appellee.

SCHLEGEL, Judge.

The former wife appeals the district court's judgment denying her application for modification of the parties' original dissolution de-

cree, contending: (1) she met her burden of showing a substantial change in circumstances; (2) the income of the former husband's new spouse should have been considered by the court when determining the former husband's ability to pay an increase in child support; (3) the former husband's failure to disclose his financial status rendered impossible the court's task of determining his financial status with any reliability; (4) she is entitled to the income tax dependency exemptions since she provides over one-half of the minor children's support; (5) she should have been awarded trial attorney fees; and (6) the district court erred in failing to provide a mechanism for the disclosure of the former husband's address and telephone number for purposes of proof of payment for medical insurance submission.

Scott and Helen Staton were divorced on June 28, 1985. They have three minor children. Scott currently resides in Texas with his new wife and two children. Helen has not remarried. In the parties' original dissolution decree entered in 1985, the court awarded Helen sole custody of the parties' three minor children. Scott was granted reasonable visitation rights, and child support was ordered in the amount of $25 per week per child for a total of $325 per month. Neither party was awarded alimony. The court permitted Scott to claim the children as dependents for tax purposes providing he remained current on his child support payments.

Scott was required to maintain "full hospitalization and major medical coverage" on the minor children, and the responsibility for medical and dental bills not covered by insurance was to be shared equally by the parties. On April 24, 1991, Helen filed the present application for modification of the decree, requesting that Scott's child support payments be increased due to a rise in his net monthly income. In addition, Helen requested: (1) an order requiring the increased child support obligation to survive Scott's death; (2) greater health insurance coverage to be provided by Scott or, alternatively, additional child support sufficient to cover other insurance or a supplement to the existing health insurance; (3) the payment of past unreim-

bursed health care costs and a mechanism for payment of future unreimbursed expenses in their entirety; (4) life and disability insurance on Scott to ensure payment of child support; (5) a mandatory income assignment; (6) and attorney's fees.

According to the financial affidavits on file at the time of the original decree, Scott was earning $1033.20 per month as a private in the United States Army. Included in this income was a payment of $259 per month in housing supplements. Helen was unemployed, lived with her parents, and claimed no income or expenses at that time.

Scott failed to file a financial affidavit prior to trial on the application to modify. According to his pay stubs and Scott's testimony at trial, however, Scott had been promoted to buck sergeant in the Army. The district court found Scott's current net monthly income has increased to $1279.51 per month, plus approximately $60 per month in bonus for reenlisting. His current net pay also includes the additional amounts of $376.20 per month in housing supplements and $190.65 per month for food. Helen argues Scott's net monthly income is greater than the district court determined it to be, claiming Scott earns a net monthly income of $1833.

The district court found Helen's proposed differential in Scott's net monthly income to be overstated due to the nature of the $190.65 in food supplement which Scott now receives. In 1985 Scott was not receiving this supplement since he lived on base and did not qualify for the benefit. However, the court concluded that Scott was in effect receiving the same amount of this supplement in 1985 by virtue of receiving his meals on base, whereas now he lives off base and receives the food money supplement in lieu of the meals. The district court also found that Helen had become self-employed in the day care business, earning a net income of at least $962 per month. Helen argues that while her net monthly income has increased since the entry of the original decree, her expenses have likewise increased as a result of the children's medical expenses and other needs.

The court ruled that Helen had failed to show a substantial change in circumstances not contemplated by the trial court at the time of the entry of the original decree. Accordingly, the district court denied Helen's requests for increased child support, greater health insurance coverage, mandatory income assignment, attorney fees, and payment of past unreimbursed health care costs.

Following the court's judgment, Helen filed an Iowa Rule of Civil Procedure 179(b) motion. Upon ruling on the motion, the district court entered judgment against Scott for $1390 for past medical bills which Scott acknowledged he owed. The court overruled all other requests in the motion, stating that since Helen had failed to meet her burden she was not entitled to a modification of any of the terms of the original dissolution decree. Helen has appealed. We affirm in part and reverse in part.

■ Modification of a dissolution decree is only permitted when there has been a material and substantial change in circumstances since the original decree. *Mears v. Mears,* 213 N.W.2d 511, 514–15 (Iowa 1973). The burden rests on the party seeking modification to establish such a change of circumstances by a preponderance of evidence. *Thayer v. Thayer,* 286 N.W.2d 222, 223 (Iowa App.1979). "The trial court has reasonable discretion in determining whether modification is warranted and that discretion will not be disturbed on appeal unless there is a failure to do equity." *In re Marriage of Kern,* 408 N.W.2d 387, 389 (Iowa App.1987) (citing *In re Marriage of Vetternack,* 334 N.W.2d 761, 762 (Iowa 1983)). The principles enumerated in *Vetternack* and applied in *Kern* are applicable here as well:

A number of principles emerge from our cases: (1) there must be a substantial and material change in the circumstances occurring after the entry of the decree; (2) not every change in circumstances is sufficient; (3) it must appear that continued enforcement of the original decree would, as a result of the changed conditions, result in positive wrong or injustice; (4) the change in circumstances must be permanent or continuous rather than temporary; (5) the change in financial conditions must

be substantial; and (6) the change in circumstances must not have been within the contemplation of the trial court when the original decree was entered.

*Vetternack,* 334 N.W.2d at 762.

■ Having carefully reviewed the record in light of these guiding principles, as well as the provisions of Iowa Code section 598.21(8) (1989), we hold Helen has demonstrated a substantial change in circumstances since the original decree was entered in 1985. Specifically, we find that Scott's net monthly income has increased from $1033.20 at the time of the original decree to $1715.71 at the time of the modification hearing.

This figure is derived by combining Scott's net monthly earnings of $1279.51, his receipt of the $376.20 per month in BAQMA rent reimbursement for living off base, and his receipt of the $60 per month reenlisting bonus. We have purposely excluded the $190.65 in monthly SEP–RATS which Scott receives as food reimbursement, agreeing with the district court's observation that Scott was in effect receiving this same supplemental food benefit in 1985 in the form of on-base meals.

Helen argues in her reply brief that a substantial change in circumstances has occurred as a matter of law in light of the legislature's amendment of Iowa Code section 598.21(9) (1991), effective July 1, 1992, which provides in pertinent part:

Notwithstanding subsection 8, a substantial change in circumstances exists when the court order for child support deviates by ten percent or more from the amount which would be due pursuant to the most current child support guidelines established pursuant to subsection 4.

However, this amendatory statute has been held by the Iowa Supreme Court to be prospective in its application. *See In re Marriage of Lee,* 486 N.W.2d 302, 304 (Iowa 1992). As a result, we need not address this issue in the present case.

Instead, we base our holding that a substantial change in circumstances has occurred in the present case upon Iowa Code sections 598.21(8)(a), (b), and (c) (1989). Applying the child support guidelines to our

finding that Scott's net monthly income is $1715.71 and our adoption of the district court's finding that Helen's net monthly income is $962 reveals that Scott's child support obligation should be increased from $325 per month to $615.94 per month (35.9 percent of $1715.71 equals $615.94) for the parties' three children.

■ Next, Helen contends she is entitled to the income tax dependency exemptions for all three of the parties' minor children since she is the custodial parent. In *In re Marriage of Feustel*, 467 N.W.2d 261 (Iowa 1991), the court recognized that "[f]or tax years beginning after December 31, 1984, the Tax Reform Act of 1984 provides that the parent having custody of a child for the greater part of the year will generally be treated as having provided more than one-half of a child's support and will be entitled to the dependency exemption." *Id.* at 263. Internal Revenue Code section 152(e) provides:

**(e) Support test in case of child of divorced parents, etc.—**

**(1) Custodial parent gets exemption.—** Except as otherwise provided in this subsection, if—

(A) a child (as defined in section 151(c)(3)) receives over half of his support during the calendar year from his parents—

(i) who are divorced or legally separated under a decree of divorce or separate maintenance,

(ii) who are separated under a written separation agreement, or

(iii) who live apart at all times during the last 6 months of the calendar year, and

(B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,

such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the "custodial parent").

I.R.C. § 152(e)(1)(A), (B).

There are, however, three exceptions to this rule. First, the custodial parent may release his or her claim to the exemption for the year to the noncustodial parent. *See* I.R.C. § 152(e)(2). For this exception to apply, the custodial parent must sign a written declaration that he or she will not claim the child as a dependent for the year, and the noncustodial parent must attach the written declaration to his or her return. *Id.* Second, the general rule shall not apply in any case where over half the support of the child is treated as having been received from a taxpayer under a multiple-support agreement. I.R.C. § 152(e)(3). Finally, a third exception is provided by Internal Revenue Code section 152(e)(4). That section provides that a child shall be treated as having received over half of his or her support during a calendar year from the noncustodial parent if—

(i) A qualified pre–1985 instrument between the parents applicable to the taxable year beginning in such calendar year provides that the noncustodial parent shall be entitled to any deduction allowable under section 151 for such child, and

(ii) The noncustodial parent provides at least $600 for the support of such child during such calendar year.

*Feustel,* 467 N.W.2d at 263 (citing I.R.C. § 152(e)(4)(A)).

Federal Tax Regulation § 1.152–4(c) (1993) provides in pertinent part:

**(c) General rule.** For purposes of section 152(a) and § 1.152–1, a child shall be treated as receiving over half of his support during the calendar year from the parent (hereinafter referred to as the "custodial parent") having custody within the meaning of paragraph (b) of this section for a greater portion of the calendar year unless the exceptions of paragraph (d) of this section apply.... Therefore, in general, the custodial parent shall be allowed as a deduction the exemption for the dependent child, if the requirements of section 151(e) are met.

Federal Tax Regulation § 1.152–4(d) (1993) provides:

**(d) Exceptions—(1) In general.** Notwithstanding paragraph (c) of this section, a child shall be treated as receiving over

half of his support during the calendar year from the parent who is not the custodial parent (hereinafter referred to as the "noncustodial parent") if the conditions of subparagraph (2) or (3) of this paragraph are met.

(2) **Decree or agreement.** A noncustodial parent who provides at least $600 for the support of a child during the calendar year shall be treated as having provided more than half the support of the child if the decree of divorce ... provides that the noncustodial parent shall be entitled to any deduction allowable under section 151 as an exemption for the dependent child. In order for this subparagraph to apply, the noncustodial parent must provide at least $600 for the support of each child he claims as a dependent....

(3) **Actual Support.** A noncustodial parent who provides $1,200 or more support for the child ... shall be treated as having provided more than half the support for the child (or children) notwithstanding any provision to the contrary contained in a decree of divorce or separation or in a written agreement, unless the custodial parent clearly established that the custodial parent provided, in fact, more for the support of the child during the calendar year than the noncustodial parent. Under section 152(e)(2)(B) and this subparagraph, if the noncustodial parent has provided $1,200 or more for support of the child, then the custodial parent has the burden of establishing by a clear preponderance of the evidence that the custodial parent has provided more for the support of the child than has been established by the noncustodial parent in order to be treated as having provided over half of the support of the child.

We hold that Scott is entitled to the dependency exemptions for the parties' three children. Helen is hereby ordered and directed to sign any and all forms that are necessary for Scott to claim the exemptions for the children in those years that he is current with his child support.

■ Next, we order Scott to disclose to Helen an address to enable Helen to submit future medical and dental bills to Scott which are not covered under the terms of any enforceable insurance policy. This will permit Helen to secure Scott's share of these responsibilities pursuant to the provisions of the original dissolution decree.

■ Finally, Helen requests both trial and appellate attorney fees. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern*, 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App. 1981). We affirm the trial court's order directing the parties to pay their own trial attorney fees. Scott shall pay $1000 toward Helen's appellate attorney fees, and Scott shall pay all the costs of this appeal.

We have considered the remainder of Helen's arguments and determine them to be without merit.

**AFFIRMED IN PART; REVERSED IN PART.**

All Judges concur except HABHAB and HAYDEN, JJ., who dissent.

DONIELSON, J., takes no part.

HABHAB, Judge (dissenting).

I respectfully dissent. I agree with the trial court that the appellant failed to show a substantial change in circumstances not contemplated by the trial court at the time of the entry of the original decree. I would affirm in all respects.

HAYDEN, J., joins this dissent.