In re the **MARRIAGE OF** Jane Axmear–Heikenen and Alan Steven **AXMEAR**.

Upon the Petition of Jane Axmear–Heikenen, **Petitioner–Appellant**,

And Concerning Alan Steven Axmear, **Respondent–Appellee**.

No. 94–0634.

Court of Appeals of Iowa.

Jan. 23, 1995.

Gregg Geerdes, Iowa City, for appellant.

Thomas D. Hobart of Meardon, Sueppel, Downer & Hayes, P.L.C., Iowa City, for appellee.

Heard by HAYDEN, P.J., and SACKETT and HUITINK, JJ.

SACKETT, Judge.

The question in this appeal is whether the trial court correctly modified a dissolution decree to increase the child support obligation of respondent-appellant Jane Axmear–Heikenen. We affirm.

Jane and petitioner-appellant Alan Steven Axmear were married in 1977. The couple had three children, Bryan, born January 15, 1980; Alyssa, born August 23, 1982; and Bradley, born June 13, 1985. The parties' marriage was dissolved in October 1989. Physical care of the children was awarded to Alan. Jane, who had not been employed outside the home during the marriage, was awarded rehabilitative alimony of $200 a month for two years and ordered to pay monthly child support of $105; the child support was to be suspended while she was a full-time student. At the time of the dissolution, Jane was enrolled as a part-time student at Iowa State University and worked part time in a clerical position. She was earning $693 a month. She had no employment benefits. In January 1990, Jane enrolled in graduate school on a full-time basis. In December 1992, she received a degree and became a registered dietician and was employed on a full-time basis at an annual salary of $28,000 with substantial employment benefits.

Alan, in April 1992, filed this petition for modification of child support asking Jane's support be increased. He contended there had been a change of circumstances and a July 1, 1992 amendment of section 598.21(9) provided for modification.

The trial court found Alan showed the necessary changed circumstances for a modification of the child support obligation. The trial court determined Jane's net monthly income for child support purposes was $1800 and Alan's was in excess of $1000 a month. The trial court fixed Jane's child support obligation at $630 a month and provided she could claim the oldest child as a dependent for federal and state income tax purposes.

Jane first contends Alan has not shown a substantial change of circumstances. She advances the trial court incorrectly applied Iowa Code section 598.21(9).

Iowa Code section 598.21(9) (1993), provides as follows:

9. Notwithstanding subsection 8, a substantial change of circumstances exists when the court order for child support varies by ten percent or more from the amount which would be due pursuant to the most current child support guidelines established pursuant to subsection 4 ...

Jane's argument is the trial court incorrectly found section 598.21(9) was triggered by a ten percent increase in Jane's income where it should have concluded the section was triggered by a ten percent variance between the amount currently being paid and

the amount due under the guidelines. There is no basis to this argument as the amount of child support due under the guidelines is in excess of a ten percent increase over what Jane is currently paying.

Jane next argues the trial court failed to consider what she characterizes as a wrong or injustice to her in ordering the increase. She points to factors that include an increase in Alan's income, gifts Alan receives from his parents, and the fact he has business-related benefits. Jane further advances the evidence is the children are well cared for and have no unmet needs, and she does not have funds to pay the support.

The trial court, in the original dissolution decree, made provisions to assist Jane in obtaining an advanced degree and subsequent excellent employment. It was not then possible for the trial court to establish a fair amount of child support for Jane to pay when she was no longer a student and obtained employment. The trial court had no knowledge when she would complete her education or what posteducation employment she would secure.

The necessary change of circumstance has been shown both by applying the dictates of Iowa Code section 598.21(9) and because of the substantial increase in Jane's ability to contribute to the children's financial support.

Jane does not challenge the net monthly income figures used by the trial court in computing support. She argues instead that there is an injustice in applying the guidelines. She points out Alan has certain employment benefits including certain housing expenses. We note Jane also has employment benefits including the use of a car for business and personal use at a very minimal charge as well as health insurance and other benefits. Neither Alan's nor Jane's employment benefits were considered in determining their net monthly incomes. Because Alan's net monthly income for child support purposes was in excess of $1000, factoring additional employment benefits into his income would not decrease Jane's child support obligation. Factoring the additional employment benefits into Jane's income would increase her child support obligation over what

the trial court ordered. Jane is able to make contributions to two retirement plans.

Jane, as well as Alan, has a duty to support their children. *See In re Marriage of Reedholm,* 497 N.W.2d 477, 479 (Iowa App.1993). We do not deny, as Jane argues, to increase her child support obligations will require her to make some personal sacrifices for her children. This does not make imposition of the child support guidelines unjust. There is a rebuttable presumption the child support guidelines be applied. *See In re Marriage of Bergfeld,* 465 N.W.2d 865, 871 (Iowa 1991). The guidelines have been applied even when implementing them left the noncustodial parent at the poverty level. *See In re Marriage of Staton,* 511 N.W.2d 418 (Iowa App.1993). Jane has failed to show an injustice in applying the child support guidelines.

Jane's last contention is she should be entitled to claim all three children as dependents for federal and state income tax purposes, not just the oldest child as ordered by the trial court. In the original decree, Alan was given the exemptions for all three children. The modification gave Jane the exemption credit for the oldest child. Jane contends she should have the exemption credit for all three children.

Jane and Alan both have substantial incomes and will benefit from the allocation of the exemptions. The allocation of the income tax exemptions directly effects federal and state income tax. Net monthly income for purposes of applying the child support guidelines requires an accurate computation of liability for state and federal income tax. Jane has not supplied this court with computations illustrating the effect of allocating the tax exemptions to her respective income. If the exemptions decreased her income tax liability, then her net monthly income for purposes of applying the child support guidelines would be increased as would her child support obligation. In the absence of this information, we cannot accurately assess the effect the allocation of the dependency exemptions have. Jane having failed to present us with this information, we find no reason to modify the allocation made by the trial court.

Costs on appeal are taxed to Jane. We award no appellate attorney fees.

**AFFIRMED.**

HAYDEN, P.J., concurs.

HUITINK, J., dissents.

HUITINK, Judge (dissenting).

I respectfully dissent.

The amount of support provided by the guidelines is presumptively correct. This presumption, however, is rebuttable, and the amount may be adjusted upward or downward under the special circumstances of each case.

In making its award, the majority has failed to consider the resulting economic hardship imposed upon Jane. Although her earnings have increased, she will no longer be able to meet her reasonable subsistence expenses and pay child support in the amount awarded. I believe an increase to $300 per month is more realistic and more nearly does justice between the parties.