In re the MARRIAGE OF Cynthia Susanne SEE and Joseph Bradley See.

Upon the Petition of

Cynthia Susanne See, Appellant,

And Concerning

Joseph Bradley See, Appellee.

No. 95–2201.

Supreme Court of Iowa.

July 23, 1997.

R.E. Breckenridge of Johnson, Hester, Walter & Harrison, L.L.P., Ottumwa, for appellant.

Joseph Bradley See, Albia, pro se.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and SNELL, JJ.

CARTER, Justice.

In October 1995 the district court dissolved the marriage of Cynthia See and Joseph See. The decree of dissolution did not allocate the burden of providing health care coverage for the parties' children. Cynthia appeals, contending that the court should have included a provision in the decree requiring Joseph to maintain health insurance coverage for the parties' four children. She also seeks a provision in the decree requiring Joseph to pay the initial health insurance deductible and one-half of all other health care expenses not covered by insurance.

Our review of the issues presented is de novo. *See* Iowa Code § 598.3 (1995); Iowa R.App. P. 4; *In re Marriage of White*, 537 N.W.2d 744, 746 (Iowa 1995). We find the significant facts to be as follows. The parties were married in January 1977. They have four children. At the time of trial, Cynthia was thirty-seven years old, and Joseph was forty. Cynthia was self-employed as a home health aide and was taking college courses with the ultimate goal of becoming a physical therapy assistant. Her net monthly income was $699.69. Joseph was a maintenance worker at a local bank. His net monthly income was $1344.73.

At the time of trial, Joseph was maintaining group health insurance through his employer for his four children. This insurance paid eighty percent of covered costs, with a deductible of $1000 per family and $200 per child. The parties' eldest son has cystic fibrosis, a terminal disease. His prescription medication costs are approximately $870 per month. The parties' eldest daughter, currently a college student, also has special medical needs as a result of heart surgery when she was a young child.

Cynthia's argument is grounded on Iowa Code section 598.21(4)(a), which provides that trial courts "shall order as child medical support a health benefit plan ... if available to either parent at a reasonable cost." A "health benefit plan" includes the employer-provided group health insurance available to Joseph. *See* Iowa Code § 252E.1(5). As one measure of reasonableness, the Code states that a "health benefit plan is reasonable in cost if it is employment-related group ... health insurance." *Id.* § 598.21(4)(a). In the case before us, Joseph had group health insurance, covering his four children, obtained by reason of employment. A health benefit plan was available to him and was actually maintained by him.[1] This situation falls within the scope of the statute, which imposes a duty on the trial court to order that child medical support be provided if obtainable for a reasonable cost. We modify the decree to require that Joseph shall provide the health benefit plan available to his children through his employer.

We also conclude that Joseph should be required to pay a portion of the initial deductible on the group insurance plan and bear a portion of the children's health care costs not covered by insurance. This is consistent with the general rule that one should be required to provide for one's children to the extent that one is able. *See* Iowa Code § 598.21(4)(a); *In re Marriage of Swan*, 526 N.W.2d 320, 326 (Iowa 1995); *In re Marriage of Reedholm*, 497 N.W.2d 477, 479 (Iowa App.1993). After reviewing the resources available to and obligations imposed upon Cynthia and Joseph, we modify the decree to require each party to pay one-half of the initial deductible and one-half of all health care costs not covered by insurance.

If during the pendency of this appeal either party has paid a greater share of the

---

1. The cost of maintaining health insurance for his children was a factor the trial court considered when computing Joseph's "net monthly income" for purposes of determining his monthly child support obligation. *See* Iowa Child Support Guidelines.

children's medical costs than is required by our decision, that party shall be reimbursed for the overage by the other party. If during the pendency of the appeal Joseph has failed to continue in force the health insurance for his children that existed at the time of trial, Cynthia may apply to the district court for such relief as is appropriate based on the circumstances that now exist. All costs of appeal are assessed against Joseph.

**AFFIRMED AS MODIFIED.**